## NORTON v. UNITED STATES.

### No. 377.

District Court, E. D. Tennessee.

Sept. 3, 1930.

T. H. Morris, of Johnson City, Tenn., for plaintiff.

The United States District Attorney, of Knoxville, Tenn., for the United States.

TAYLOR, District Judge.

This is an action at law brought by the plaintiff on a certificate of war risk insurance issued to him by the defendant under the terms of which the defendant agreed to pay plaintiff $57.50 per month in the event of total permanent disability incurred during the life of the certificate.

The declaration alleges that there has been no breach of the terms of the certificate by the plaintiff; that it is in full force and effect; that the plaintiff is totally and permanently disabled; and that the United States Veterans' Bureau and the director thereof have disagreed with plaintiff as to his claim of disability and have wholly failed and refused to pay the sums due under said certificate.

It is stipulated by counsel representing the parties that plaintiff applied to the regional rating board for a rating of total permanent disability under the terms of said insurance certificate; that he was rated by said regional rating board as being disabled to a lesser degree than requested in said application; that an appeal was taken by him to the central board of appeals from the action of said regional rating board, when the same result was had; and that plaintiff was advised of said action of the central board of appeals; and that no insurance payments under the terms of said certificate would be paid; and that he instituted this suit thereafter without having prayed an appeal to the director of the bureau in person.

The defendant has demurred to the declaration or has filed what it has called an answer in abatement attacking the jurisdiction of the court upon the single ground that the plaintiff's claim has not been appealed to nor passed upon by the director of the bureau, which appeal and adverse action of the director, as it insists, alone can confer jurisdiction upon the District Court.

The matter is before me for a determination of the single question whether a denial of claimant's application for a rating of to-

tal permanent disability by the regional rating board and the central board of appeals unappealed from constitutes such disagreement as to confer jurisdiction.

A determination of this question involves a construction of the applicable portions of section 426, title 38, USCA, which follows: "The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this chapter, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter, which are necessary or appropriate to carry out its purposes. * * * "

Section 430, title 38, USCA, provides: "The director shall establish a central office in the District of Columbia, and such regional offices and suboffices, not exceeding one hundred in number, within the territory of the United States and its outlying possessions as may be deemed necessary by him and in the best interests of the work committed to the Veterans' Bureau and to carry out the purposes of this chapter. Such regional offices and suboffices, may, subject to final action by the director in case of an appeal, and under such rules and regulations as may be prescribed by the director, exercise such powers for hearing complaints and for examining, rating, and awarding compensation claims, granting medical, surgical, dental, and hospital care, convalescent care, and necessary and reasonable after care, granting vocational training and all other matters delegated to them, or some of them, by the director as could be performed lawfully under this chapter by the central office."

Section 445, title 38, USCA, provides: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * * "

Pursuant to the authority vested in the director of the bureau, there was promulgated regulation No. 187, which, in so far as is material, provides: "Section 7153. The Rating Board will have jurisdiction to determine the necessity for, type of, sufficiency of, and approximate date of examinations, including hospitalization for observation, for rating purposes; to determine the time of enlistment; and to determine service connection of disease and injuries, and the occupations of claimants at time of enlistment; and to determine and to evaluate the disability resulting from each and from all such diseases and injuries.

"Section 7159. Appeal to the Central Board of Appeals from the decision of a rating board may be made by a written notice of appeal by the claimant, his guardian, or his agent duly authorized over the claimant's signature."

It is urged that the above-quoted statute and the regulations promulgated thereunder fairly construed constitute a reservation in the director the right to finally determine the issue tendered by the claimant's application; that such reservation by regulation is not inconsistent with the provisions of the act and is necessary and appropriate to carry out its provisions; and that therefore no disagreement exists between the plaintiff and the Bureau, since the term "Bureau" must be understood to include all of the administrative machinery set up by the director to carry into effect the provisions of the act.

If the regulations promulgated by the director have reserved this final right to determine the questions presented by a claim, and if such regulations are not inconsistent with the provisions of the act, and are necessary or appropriate to carry out its purposes, then under the terms of the stipulation no disagreement exists between the claimant and the bureau, and therefore the court would have no jurisdiction to try the cause.

This insistence, stated in other words, is that under the regulations now in effect no claimant may maintain an action under his certificate until he has exhausted every remedy afforded him by the bureau's regulations.

The director might by regulation have expressly set up boards to exercise advisory functions expressly reserving to himself the right to finally pass upon the questions presented, and, if such regulation existed, the question presented would be entirely different. As I construe the regulation chiefly relied upon by the defendant, it delegates to the regional rating board jurisdiction to determine and to evaluate the disability resulting from each and from all diseases and injuries complained of by the veteran, and confers upon the veteran a right, as distinguished from a duty, to, by written notice, appeal to the central board of appeals. It is not urged that a determination of the veteran's claim by the regional rating board or by

the central board of appeals favorable to the veteran must thereafter be approved by the director or the bureau before payments thereunder may be made. Section 7072 of the Veterans' Bureau regulations provides: "Each appellant shall be given a complete hearing upon the conclusion of which the central board of appeals upon the evidence in the files will be final and is binding upon the central office and upon the district offices and subject to review and revision only by the central board of appeals or by the director of the Bureau." Section 7068 of the regulations provides in part: "The decision of the central board of appeals will be final, subject to review by the director." The reservation of the right to review is distinctly different from the reservation of the right to finally approve before the action becomes effective. By the express terms of the above-quoted portions of the regulations, the board's action becomes final without action. It requires affirmative action on the part of the director to vitiate their decision.

It is urged that the director's regulations have the force and effect of law, of which the court will take judicial notice, but no regulation is pointed out in which the director has reserved the right to disagree as contemplated in the act as a condition precedent to the maintenance of a suit, nor has any regulation been cited in which the director has construed the regulations here quoted as withholding from the regional rating board and the central board of appeals the right to finally evaluate the veterans' disability.

The court is aware that this construction of the act and regulations made pursuant to its terms may result in the bringing of innumerable actions such as this, and may tend to impair the effective administration of the act. If a regulation requiring veterans to exhaust all the remedies given them by the present regulations of the bureau is not inconsistent with the act, and is necessary or appropriate to carry out its purposes, such a regulation can be promulgated, but I cannot hold that because the veteran has been accorded the right of appeal that he must exercise the right, nor that a failure to exhaust the remedies afforded and to resort to the courts can be regarded as an acquiescence in the board's denial of his claim. It is not urged that the regulations are unauthorized and that the authority vested in the regional rating board and the central board of appeals is unauthorized. The regulations provide that a decision of the central board of appeals shall be final and binding, subject

alone to its own revision or to revision of the director of the bureau. The act provides, section 426, title 38, USCA: "All officers and employees of the bureau shall perform such duties as may be assigned them by the director. All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in person."

I am of the opinion that a disagreement such as is contemplated in the act exists, and that the court has jurisdiction to hear the case upon its merits. The demurrer or answer in abatement will be overruled.