**UNITED STATES v. COLLINS.**

**No. 3349.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 28, 1932.

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va. (David D. Ashworth,

U. S. Atty., of Beckley, W. Va., and Lawrence A. Lawlor, Atty., Veterans' Administration, of Washington, D. C., on the brief), for the United States.

Lively & Stambaugh, of Charleston, W. Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

CHESNUT, District Judge.

In this case the government appeals from an adverse judgment in a suit by the plaintiff (now the appellee) on a war risk insurance policy. The sole question presented is whether, prior to the institution of the suit, there existed a "disagreement" as to the claim between the Veterans' Bureau and the plaintiff, which is a necessary condition precedent to the maintenance of the suit, under the applicable statute. 38 US CA § 445.

The policy in suit was issued to Clarence A. Collins, an enlisted soldier during the World War, naming his father, George Collins, as beneficiary. The former was discharged from the Army August 30, 1918, and died on the 15th day of December, 1918. His father, George Collins, was appointed administrator, and sues for disability benefits under the policy both in his representative capacity as administrator and also in his individual capacity as beneficiary under the policy. The suit was filed June 30, 1931, and on the same day, as stated in the brief for the appellee, the plaintiff filed a claim for the insurance benefits with the Veterans' Bureau, for the sole purpose, it is said, to protect the plaintiff's rights in case the court should hold the "disagreement" did not exist at that time. By written stipulation of the parties the case was tried by the District Court without a jury. The court found from the evidence that the requisite "disagreement" existed before the institution of the suit and also found the existence of total and permanent disability of the insured, Clarence A. Collins, at the time of his discharge from the service while the policy was still in force and continuing until his death. The government duly specially excepted to both findings and has assigned error therein. But the only assignment of error that is pressed is with regard to the existence of the "disagreement."

In our opinion the District Court was in error in finding the existence of legally sufficient evidence of the disagreement. USCA title 38, § 445, as amended July 3, 1930, authorizes a suit only "in the event of disagreement as to claim" and in the last paragraph defines the term "claim" as "any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits." And the term "disagreement" is defined as "a denial of the claim by the director or some one acting in his name on an appeal to the director." It is clear, therefore, that the burden was on the plaintiff in this suit to show that he or some one for him had made to the Veterans' Bureau a claim in writing for insurance benefits and that the latter had been denied. The sole evidence in the case tending to show any claim in writing for insurance benefits or denial thereof prior to suit consisted of a letter from the plaintiff (undated, but apparently written some time prior to September 22, 1926) to United States Senator Goff and apparently by him forwarded to the Veterans' Bureau and replied to by the assistant director under date of September 22, 1926. In his letter to Senator Goff, the plaintiff stated that he was making application with all necessary proofs to the War Department for adjusted bonus compensation for his deceased son, Clarence A. Collins, and also for bonus and back allotment money; and requested the assistance of Senator Goff in obtaining these payments. The letter included the statement that "my son named me his beneficiary to his war risk insurance and made an allotment to me also." This letter was obviously not itself a claim to the bureau but was a request to Senator Goff for assistance in securing payment of a claim which had been filed with the bureau by the plaintiff. Although the letter contained the statement quoted as to war risk insurance, it did not allege permanent and total disability of the insured nor show an intention to claim insurance benefits under the policy. The reply from the assistant director to Senator Goff in addition to giving information as to the status of the claims for compensation, bonus and allotment, included the following separate paragraph: "The veteran applied for and was granted War Risk Insurance in the amount of $10,000 designating his father as beneficiary. The insurance is not in force and effect at this time having lapsed for non-payment of premium due September 1, 1918."

It is this statement which is relied upon to show the requisite disagreement. But, in our opinion, it cannot properly be so in-

terpreted. It must be read in connection with the plaintiff's letter to Senator Goff to which it is apparently a reply. If the former had contained a definite claim for benefits under the policy, the reply might be construed as a denial of liability. See Berntsen v. United States, 41 F.(2d) 663, 665 (C. C. A. 9). But in the absence of a claim on the policy, the statement in the assistant director's reply to Senator Goff can only reasonably be interpreted as courteous information from the veteran's whole record in the bureau.

It is a matter of common knowledge that before the amendment of July 3, 1930, there was much uncertainty in many suits under this act to determine what constituted sufficient evidence of a disagreement to justify the bringing of the suit. Illustrations of this may be found in the following cases: Dobbie v. United States (D. C. Tex.) 19 F.(2d) 656; Taylor v. United States (D. C. M. D. N. C.) 57 F.(2d) 331; Norton v. United States (D. C. E. D. Tenn.) 57 F.(2d) 869; Berntsen v. United States, 41 F.(2d) 663 (C. C. A. 9); United States v. Burleyson, 44 F.(2d) 502 (C. C. A. 9). In order to clarify the law in this respect the amendment clearly defined what would constitute both a claim and a disagreement. And in numerous cases arising since the amendment became effective, the courts have uniformly refused to entertain the suits unless there existed the disagreement as defined in the amendment. United States v. Densmore, 58 F.(2d) 748 (C. C. A. 9); Griffin v. United States, 60 F.(2d) 339 (C. C. A. 7); Mara v. United States (D. C. S. D. N. Y.) 54 F.(2d) 397; Smith v. United States (D. C. S. D. Iowa) 56 F.(2d) 636; Maulis v. United States (D. C. N. D. Ill.) 56 F.(2d) 444; Kelley v. United States (D. C. E. D. Mich.) 59 F.(2d) 743.

The amendment definitely establishes the legislative policy that a claimant must exhaust his remedy in the administrative tribunals before resort to the courts; and therefore, it is clear that the District Court had no jurisdiction to entertain the suit in the absence of proof of the existence of the disagreement prior to the bringing of the suit. And as we find the plaintiff has not shown the disagreement to have so existed in this case, we are obliged to reverse the judgment. But this will not bar the plaintiff from prosecuting his claim in the Veterans' Bureau. We note from the record that the bureau on July 24, 1931, expressed its intention to promptly act on the formal claim which the plaintiff filed June 30, 1931; and it was stated by counsel for the government that the only obstacle heretofore existing to prompt action on the claim has been the pendency of the suit in this case.

Reversed.