## WILSON v. UNITED STATES.
### No. 946.

Circuit Court of Appeals, Tenth Circuit.

April 4, 1934.

S. R. Owens, of Denver, Colo., for appellant.

Randolph C. Shaw, of Washington, D. C. (Thomas J. Morrissey and Richard A. Toomey, both of Denver, Colo., on the brief), for the United States.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

Appellant, as administratrix of the estate of Frank E. Wilson, deceased, instituted this suit to recover on a war risk insurance contract. She alleged that her deceased husband enlisted November 14, 1917, and was discharged May 16, 1919; that his former wife, Mary Jane Wilson, beneficiary in the policy, predeceased him; that premiums were paid to January 31, 1920; and that the insured was totally and permanently disabled from and after that date, thereby maturing the policy and rendering payment of further premiums thereon unnecessary. Defendant admitted issuance of the policy, denied the allegation of disability, and pleaded specifically that plaintiff filed her claim with the Veterans' Administration on April 11, 1932; that it was denied on July 2, 1932; that the suit was instituted on September 17, 1932, and was barred under the provisions of law.

Wilson died on May 24, 1928. On December 22d following, appellant went to the Regional Office of the Veterans' Administration in Denver and made inquiry concerning the insurance. On the same day and in consequence of that inquiry, the Regional Manager dispatched a letter to the Director of Veterans' Administration, to which the Assistant Director replied by letter dated January 11, 1929. Nothing further was done until April 4, 1932, when appellant wrote to the Director of Insurance. He replied under date of July 2, 1932. Having these letters in mind, the parties entered into the following stipulation:

"It is hereby stipulated by and between the parties hereto through their respective counsel of record that the jurisdiction of the court in this case as set forth in Paragraph 445 of Title 38, United States Code as amended July 3, 1930, is predicated upon the following quoted correspondence: (We omit formal parts.)

"'December 22, 1928.

"'Dear Sir:

"'Will you please review the case of above named deceased veteran to see whether his insurance can be revived under Section 305 of the Act, and inform the widow, Mrs. Hazel F. Wilson, through this office as to your decision.'

"'January 11, 1929.

"'Dear Madam:

"'The Regional Office of the U. S. Veterans Bureau, Denver, Colorado, has requested this office to advise you concerning the insurance of your late husband, the above named deceased ex-service man.

" 'Please be advised that your husband's insurance lapsed for non-payment of premium due after his discharge from the military service. As your late husband had collected all the compensation due him from this Bureau at the time he became permanently and totally disabled, his insurance has not been revived under the provisions of Section 305 of the World War Veterans' Act. The Bureau is sorry to inform you that no insurance benefits are payable in this case.

" 'All future communications relative to this case should show the veteran's name and refer to the number XC-453,235.'

" 'April 4, 1932.

" 'Dear Sir:

" 'I am writing you regarding the insurance of the above-named ex-service man. I am convinced that he was totally and permanently disabled prior to the date his insurance lapsed and believe myself entitled to the insurance he had during his service.

" 'You will note that he was discharged from his second enlistment on the 19th day of June, 1920, and it is my understanding that he kept up the insurance payments until approximately this date. He was totally disabled at the time of his discharge from the service and received compensation for total disability from that date until the date of his death.

" 'Respectfully request that you advise me the date his War Risk Insurance lapsed, together with the date he became totally disabled while still in service.'

" 'July 2, 1932.

" 'Dear Madam:

" ' This is with further reference to the above entitled claim. You are informed that a decision was rendered on July 1, 1932, by the Insurance Claims Council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at a time when the contract of insurance was in force, and therefore the claim has been denied.

" 'You may consider such denial for the purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended.

" 'If you accept the denial of the claim by the council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to your last address of record.

" 'The case folder is being retained in the Veterans' Administration at Washington, D. C. Any further inquiries concerning your claim should be directed to that office.' "

Apparently, for the commendable purpose of expedition, the court heard the question thus raised in advance of a trial of the case on its merits. The correspondence was submitted; also some testimony with respect to the circumstances under which the letters were exchanged. Thereupon the court held that it lacked jurisdiction and dismissed the complaint. The case came here on appeal.

Although the stipulation indicates that the parties regarded the question submitted in the manner and at the time stated as one of jurisdiction, and the court treated it as such, counsel for appellant now contends that the court erred in holding that it lacked jurisdiction because the complaint alleged a disagreement and the proof established it, thereby vesting the court with jurisdiction of the subject-matter, and that, at most, the question is one of limitation. In either event, appellant cannot recover.

■ A disagreement with the Director of Veterans' Administration concerning a claim for benefits under a contract of insurance is jurisdictional to the maintenance of an action to recover on such contract. 38 USCA § 445. That disagreement arises when a claim has been filed and rejected. As amended by the Act of July 3, 1930, the statute defines the terms "claim" and "disagreement" as follows:

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter."

If the letter of December 22d had been written by plaintiff, it would not constitute a claim within the purview of the statute. It was merely an inquiry. No reference, direct or indirect, was made to the insured having become or having been totally and permanently disabled while the policy was in force.

There was no suggestion to that effect. The Director was not advised that such a claim was being asserted or presented. For that reason he was not in position to disagree with any one on that indispensable question. Since no claim was presented, his reply cannot be construed as the denial of a claim. The exchange of letters being entirely silent on the required essential fall far short of constituting a disagreement. Bernstein v. United States (C. C. A.) 41 F.(2d) 663; United States v. Peters (C. C. A.) 62 F.(2d) 977. The subsequent letters are insufficient for that purpose, because it is alleged that the insured became totally and permanently disabled in 1920. If so, the cause of action accrued then. The statute expressly provides that a suit of this kind must be instituted within six years after the cause of action accrued or within one year after the approval of the act, whichever is the later date. 38 USCA § 445. The United States can be sued only with its consent. It was perfectly competent for Congress to grant that permission with the requirements respecting the requisite disagreement and the time within which the action shall be instituted. United States v. Alberty (C. C. A.) 63 F.(2d) 965.

Assuming, without deciding, that appellant is correct in her contention that the question presented is not lack of jurisdiction of the subject-matter, but one of limitation, it would be perfectly futile to remand the case for trial on that issue because the allegations contained in her complaint and the correspondence on which she relies clearly disclose that the time within which the suit could be instituted had expired. It was filed July 10, 1933, about thirteen years after the cause of action accrued as alleged and more than three years after July 3, 1930. As stated, the first letter did not constitute a claim. The one dated April 4, 1932, was written after the permitted time had passed. No question of the statute being sufficiently tolled by the pendency of a claim before the Administration to save the situation is presented.

So, whether the provision in the statute concerning the time within which the suit must be filed is jurisdictional or one of limitation makes no difference in this case. We are disinclined to do the utterly idle thing of remanding the case, knowing that in any event the disposition of it must be adverse to appellant. She waited too long to act. Her case cannot be heard on its merits. That is the regrettable situation.

The judgment is affirmed.