## CORN v. UNITED STATES.
### No. 1082.

Circuit Court of Appeals, Tenth Circuit.
Dec. 3, 1934.

A. L. Brook, of Muskogee, Okl., for appellant.

W. F. Rampendahl, U. S. Atty., and Philas S. Jones, Asst. U. S. Atty., both of Muskogee, Okl., and Will G. Beardslee, Director, Bureau of War Risk Litigation, and Young M. Smith, Atty., Department of Justice, both of Washington, D. C.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.

Grady W. Corn enlisted in the United States Army March 18, 1918, and was honorably discharged March 12, 1919. While in the army he was granted a $10,000 policy of war risk insurance in which his father, Leander P. Corn, was designated beneficiary. The monthly premiums on said policy were paid while insured was in the army by deduction thereof from his pay, but they were not paid after his discharge. Insured died March 28, 1922.

Leander P. Corn, beneficiary, brought this suit May 10, 1932, to recover benefits under said policy, alleging that insured contracted tuberculosis while in the army which rendered him totally and permanently disabled at date of his discharge.

The lower court held that plaintiff was barred under the provisions of Act July 3, 1930, § 4 (38 USCA § 445), amending Act June 7, 1924, § 19, as amended, and dismissed his suit. Plaintiff assigns that ruling as error. The questions raised on this appeal require a consideration of certain correspondence which was put in evidence.

Sandford Martin, an attorney, on February 19, 1931, wrote the following letter (formal parts omitted) to the Veterans' Bureau:

"In Re: Leander P. Corn, father of Grady W. Corn, deceased veteran.

"Grady W. Corn, #471,741, Pvt., Battery A. 69th Regiment C. A. G., U. S. Army, on March 20th, 1918, taken out term, or War Risk Insurance, Certificate No. 1630774 in the sum of $10,000.00 payable in case of death or permanent total disability.

"This veteran died March 28th, 1922, and the cause of his death 'was connected with his military service'.

"I write you in behalf of Leander P. Corn, father of the above deceased veteran, to inquire if the father is entitled to payment under the terms of the term, or war risk insurance certificate above referred to?"

Mr. Martin was advised by letter that said policy had lapsed for non-payment of premiums.

The amendment of July 3, 1930 (section 4 [38 USCA § 445]), defines the term claim as follows:

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

Mr. Martin's letter, supra, did not constitute a claim within the meaning of the statute. It contains no allegation that insured became permanently and totally disabled at a time when the policy of insurance was in force, nor does it use words showing an intention to claim insurance benefits. Wil-

son v. United States (C. C. A. 10) 70 F.(2d) 176.

The plaintiff filed a proper claim with the Veterans' Bureau July 2, 1931. The claim was denied April 16, 1932. As stated above, this suit was filed May 10, 1932. The statute of limitations applied by the court is found in Act July 3, 1930, § 4 (38 USCA § 445). Insofar as material it reads thus:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date: * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

Only one day remained between the date plaintiff's claim was filed and July 3, 1931. During that time and the succeeding time until April 16, 1932, when the claim was disallowed, the running of the statute was suspended, and it began to run again immediately on its disallowance. The bar took effect according to the terms of the act one day after the disallowance of plaintiff's claim. The statute has been thus construed. United States v. Gower (C. C. A. 10) 71 F.(2d) 366; Weaver v. United States (C. C. A. 4) 72 F. (2d) 20.

The order of the trial court is affirmed.