## CHAVEZ v. UNITED STATES.

### No. 1098.

Circuit Court of Appeals, Tenth Circuit.

Dec. 18, 1934.

Theo. E. Jones, of Albuquerque, N. M. (W. A. Keleher, of Albuquerque, N. M., on the brief), for appellants.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Wm. J. Barker, U. S. Atty., of Santa Fé, N. M., and A. Gilberto Espinosa, Asst. U. S. Atty., of Albuquerque, N. M., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

A policy of war risk insurance for $10,-000 was issued to Fermin Martinez. He was discharged from the military service on July 1, 1919, and died December 28, 1919. A sister, Mary Martinez, was named beneficiary in the policy. She preceded insured in death, and no new beneficiary was named. Juan Kelly and Arthur Chavez, children of Mary Martinez, survived insured and were his only heirs at law. Juan died May 10, 1930, leaving Arthur as his sole heir.

In March, 1920, Congressman Hernandez wrote to the Veterans' Bureau stating that two nephews survived insured and were his nearest relatives, but that Benicio Martinez was asserting a claim under the policy as one who stood in loco parentis to insured. Hernandez requested that the bureau investigate the matter and let him know the legal status of the case so that he could reply to an inquiry.

In April, 1920, Benicio Martinez made a claim for the insurance benefits.

In June, 1920, Amado Chavez wrote a letter to Senator Jones requesting him to ascertain what evidence the bureau would require to establish the relationship of the two nephews to insured. Jones transmitted the letter to the bureau, and requested that he be advised in the matter.

In September, 1921, the bureau acknowledged the claim of Benicio Martinez, and requested information as to the whereabouts of the nephews.

In January, 1922, in reply to an inquiry, the Red Cross wrote the bureau that Benicio Martinez was not the insured's father, and enclosed an affidavit to that effect. The affidavit further stated that Mary Martinez, sister of insured, left two children, both living.

After an extended investigation the bureau determined that the contract of insurance was in force at the time of the death of insured, having matured by reason of permanent and total disability existing prior to discharge, and in 1925 awarded the insurance benefits to Benicio Martinez on his claim that he stood in the relation of parent to the insured and was his heir at law. Payments under the award were discontinued in 1932.

In 1932 Soledad Chavez as guardian of Arthur Chavez, and as administratrix of Juan Kelly's estate, filed a claim with the bureau for insurance benefits under such policy. No denial of such claim appears in the record.

Arthur Chavez by his guardian and next friend Soledad Chavez, and Soledad Chavez as administratrix of Juan Kelly's estate, brought this action on the policy on March 9, 1933.

At the trial the court directed a verdict for the United States on the ground that the evidence failed to show a disagreement. The correctness of that ruling is the only question presented on this appeal.

■ Policies of war risk insurance are contractual obligations of the United States, yet they confer no right of action on the insured or his beneficiary independently of the sovereign will. Lynch v. United States, 292 U. S. 571, 54 S. Ct. 840, 78 L. Ed. 1434; McLaughlin v. United States (C. C. A. 10) 74 F.(2d) 506, decided December 12, 1934. Consent to sue the United States on contracts of war risk insurance has been granted by Congress, but such consent is conditioned upon the filing of a written claim for insurance benefits, and a "denial of the claim by the director or some one acting in his name on an appeal to the director." Section 4, Act of July 3, 1930, which amended section 19, World War Veterans' Act, 1924 (38 USCA § 445).

■ While statements were made to, and inquiries were made of the bureau by various persons, no claim for insurance benefits in behalf of Arthur Chavez and Juan Kelly was asserted until Soledad Chavez filed a claim in 1932. Letters making inquiry or requesting information do not constitute a claim. Wilson v. United States (C. C. A. 10) 70 F.(2d) 176; United States v. Collins (C. C. A. 4) 61 F.(2d) 1002; United States v. Alberty (C. C. A. 10) 63 F.(2d) 965; United States v. Peters (C. C. A. 8) 62 F.(2d) 977; Berntsen v. United States (C. C. A. 9) 41 F.(2d) 663.

■ Even if we could consider the letters as sufficient to constitute a claim, the only denial of such claim is an inferential one arising out of the award of the insurance benefits to Benicio Chavez. Such a denial is insufficient under the provisions of section 4, Act of July 3, 1930, supra, which defines "disagreement" to mean "a denial of the claim by the director or someone acting in his name on an appeal to the director."

■ Since this action was filed subsequently to such act, and a disagreement as defined therein does not exist, the court below was without jurisdiction to entertain the suit. McLaughlin v. United States, supra; United States v. Earwood (C. C. A. 5) 71 F.(2d) 507.

Affirmed.