**UNITED STATES v. LOCKWOOD.**

No. 7757.

Circuit Court of Appeals, Fifth Circuit.

Jan. 22, 1936.

Rehearing Denied Feb. 21, 1936.

Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Ben F. Roberts, U. S. Atty., and J. Fair Hardin and Whitfield Jack, Asst. U. S. Attys., all of Shreveport, La.

J. Norman Coon, of Monroe, La., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee had judgment on the war risk insurance policy of his son, Green Lockwood, a deceased war veteran. Appellant seeks its reversal on the ground that the suit was brought too late to come within U.S.C. title 38, § 445 (38 U.S.C.A. § 445), section 19, World War Veterans' Act of 1924, as amended by section 4 Act of July 3, 1930, 46 Stat. 992, and Act July 3, 1930, §§ 1, 2, 46 Stat. 1016. Its position is that, when appellee filed his claim on May 19, 1931, all but 45 days of the year the act gave him to sue had run, and that he waited to file suit on it until far more than 45 days had run after he had received notice of its rejection.

There is some dispute as to when the notice of denial was actually received. The claim was denied on January 8, 1932, and a letter was on that day mailed to the petitioner advising him of its denial. Appellant insists that in law and in fact the notice of denial was received in January in due course after its mailing. United States v. Walker (C.C.A.) 77 F.(2d) 415; United States v. Tarrer (C.C.A.) 77 F.(2d) 423; Stallman v. United States (C.C.A.) 67 F.(2d) 675.

Appellee, testifying that it came to his actual notice only on July 5, 1932, insists that in law and in fact he received it then. This difference is immaterial, however, for appellee did not file suit upon the claim until December 21, 1932, more than 100 days after, upon his own admission, he had received notice of its denial. If appellant is right, then, that no claim was filed until May 19, 1931, it is right in its contention that suit was filed too late. United States v. Walker, United States v. Tarrer, Stallman v. United States, supra.

Appellee does not contest this position; he contests the assumption on which it rests, that his claim was not filed until May, 1931. He insists that it was filed on October 25, 1927, and remained pending from that date until January 8, 1932, when it was denied. He argues that suit was filed in December of that same year, and was in time no matter what date be taken for the receipt by him of the notice of denial.

Appellant insists that the letter of October 25, 1927, on which appellee relies, was not a claim, but an inquiry. Corn v. United States (C.C.A.) 74 F.(2d) 438; United States v. Collins (C.C.A.) 61 F.(2d) 1002; United States v. Peters (C.C.A.) 62 F.(2d) 977; Wilson v. United States (C.C.A.) 70 F.(2d) 176; Tyson v. United States (C.C.A.) 76 F.(2d) 533; United States v. Primilton (C.C.A.) 76 F.(2d) 555. It insists, further, that within the meaning of the statute appellee relies on, only one claim was filed, only one denied, that of May, 1931, filed after the act took effect. Miller v. United States (D.C.) 57 F.(2d) 889. This is the letter on which appellee relies: "Referring to FABB

"Gentlemen: Re Lockwood Green Deceased, Filed No. C—570—082

"This veteran died as a result of injuries received in service, which is acknowledged by the bureau in your letter of the above caption and the undersigned requests that you kindly refer this communication to your insurance division and advise me what the status of this veteran's term insurance was at the time

of his death, enclosing the necessary forms, if any, to be prepared by the beneficiary named in the insurance policy, which is Mr. Joseph Richard Lockwood, father.

"Yours very truly,

"W. W. Cooper."

We agree with appellant that this letter did not constitute a claim within the statute and regulations.[1] The letter, addressed to United States Veterans' Bureau, Insurance Division, Washington, D. C., was the last of a series of inquiries as to what benefits, burial, compensation, or insurance the representatives of the deceased veteran might be entitled to. To the first of these, written on May 12, 1925, the Assistant Director of the Veterans' Bureau replied that the deceased had "allowed his war risk insurance to lapse on account of non-payment of premium due September 1, 1918, and no insurance benefits are now payable." None of the series of letters written thereafter, including that of October 25, 1927, asserted a claim. In none of them was it claimed that the deceased was totally and permanently disabled while his insurance was in force. In none of them were any words used showing an intention to claim insurance benefits. At best for appellee they showed a desire, but not an intention, to claim. If more were needed to make clear that the 1927 letter was not a claim, it is supplied by the fact that action was neither urged nor taken on this letter as a claim, but appellee in May, 1931, filed the formal claim which in January, 1932, was formally denied.

Though appellant cites many cases for the views it advances, appellee cites none supporting his view. His brief is devoted to an effort to differentiate those appellant relies on.

We do not think appellee has succeeded in doing so. We think the cases support appellant and that they were correctly decided. It was the purpose of the statute to fix a definite period of time for bringing suits after the passage of the act, this time to be in addition to the time taken in the Bureau to reach the disagreement on a claim, required as a prerequisite of suit. Its definition of "claim" must be read in the light of this purpose. So read, it may not be made to cover mere inquiries as a basis for a later claim, or even expressions of a future wish or desire, if replies are favorable, to claim. So read, nothing falls within it, except a present claim which, though it may be deficient in form, yet asserts in substance a definite and positive claim to benefits under the policy.

Since we agree with appellant that the letter appellee relies on is not a claim, we do not decide its second point, that the statute had reference to claims newly filed after its taking effect, and not to old claims pending at its passage.

The judgment is reversed, and the cause is remanded, with directions to dismiss the action for want of jurisdiction.

---

[1] Section 4, Act July 3, 1930, 46 Stat. 992, and sections 1, 2 of Act July 3, 1930, 46 Stat. 1016, amending section 19 of the World War Veterans' Act 1924 (U.S.C., title 38, § 445 [38 U.S.C.A. § 445]) provides:

"The term 'claim,' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator."

Regulation 3202, Veterans Administration Regulations, provides:

"A claim for total and permanent disability benefits under a contract of insurance is any writing which alleges permanent and total disability at a time when the contract was in force, or which uses words showing an intention to claim permanent and total disability insurance benefits."