### UNITED STATES v. MEAKINS.
#### No. 8462.

Circuit Court of Appeals, Ninth Circuit.
May 10, 1938.

John B. Tansil, U. S. Atty., and Francis J. McGan, Atty., Dept. of Justice, both of Butte, Mont., and Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen., and Newman Townsend, Sp. Asst. U. S. Atty., of Washington, D. C., for the United States.

Molumby, Busha & Greenan, of Great Falls, Mont., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The United States appeals from an adverse judgment rendered upon the verdict of a jury in an action brought by appellee under section 19 of the World War Veterans' Act 1924, as amended, 38 U.S.C.A. § 445. The claim for disability and death benefits set forth in the complaint is based upon a contract of renewable term insurance issued under section 400 of the Act of September 2, 1914, 38 Stat. 711, 40 Stat. 409, and its amendatory acts.

Vern W. Meakins enlisted in the Army May 2, 1918. The insurance policy in question was issued to him on May 4, 1918, in the sum of $10,000. He was honorably discharged February 18, 1919. There was a premium due on the insurance on March 1, 1919, which was not paid, and unless the veteran was totally and permanently disabled on or prior to April 1, 1919, the policy in question lapsed. The insured died on May 11, 1919.

On June 1, 1919, appellee wrote the following letter, which was received by the

Bureau of War Risk Insurance on June 6, 1919:

"Vern Wilbert Meakins Died May 11.-19-19 at Herried, So. Dak. Am writing a line in regards to his Insurance to see if it is still cept up. If its hope I may get it soon to pay funreal expencis.

Pleas let me know. Will send Doc. mane in case you want to write to him. in regards to eny thing.

"Dr. Wohlaben

"Herried, So. Dak.

hope to hear from you soon.

"Mrs. Cora Jane Meakins,

"Mother of Vern Wilbert Meakins."

Appellee received no answer to this letter, which was introduced in evidence over appellant's objection. Certain other letters were offered in evidence but rejected upon objections sustained, one of which, dated April 30, 1920, was written by one Howard C. Thompson, Field Representative, was addressed to A. G. Swaney, Adjutant of Missoula Post No. 27 at Missoula, Montana, and advised that in the writer's opinion appellee was not entitled to insurance because the policy of insurance had lapsed. Another of said letters was dated June 8, 1920, was written by R. H. Hallett, Assistant Director in Charge of Compensation and Insurance Claims Division, was addressed to appellee, and stated that there was inclosed therein copy of a letter written by the said Hallett to Howard C. Thompson.

The letter so addressed to appellee as well as the copy of the letter inclosed therein from Hallett to Thompson, each purported to be written "by authority of the Director," each was dated June 8, 1920, and the latter letter contained the statement that the insurance had lapsed and that the "claim for insurance is therefore disallowed."

In addition to the above there was included in the letters excluded from evidence one dated December 28, 1926, written "for the Director," by an Assistant Director, and addressed to Congressman Hill of Washington, advising the Congressman that the "question of insurance" was being investigated. On December 29, 1926, the Congressman acknowledged receipt of the preceding letter, and on February 10, 1927, a letter written "for the Director" by the same Assistant Director was addressed to Congressman Hill advising that inasmuch as the insurance "was in a state of lapse" on the date of the death of the veteran it

is regretted to advise that no insurance benefits are payable." On the same date the Congressman wrote the Assistant Director acknowledging receipt of the preceding letter and stating that he was "advising Mrs. Meakins of your decision in regard to this insurance." The record does not show that any of these letters ever reached appellee, and it is to be noted that the letter of June 8, 1920, addressed to appellee and signed by Hallett, was addressed to her at Missoula, Montana.

On December 14, 1932, attorneys for the mother wrote to the Veterans' Administration stating that the mother had requested them to file suit, and asking for information concerning "the status of" the case. On January 11, 1933, the Director wrote such attorneys inclosing a form to be executed by the mother "if she desired to file claim for insurance benefits." On March 17, 1933, a statement of claim for insurance was forwarded by such attorneys to the Veterans' Administration, which claim was on September 18, 1934, held to be insufficient in that the evidence was insufficient to establish permanent and total disability. This determination was made by the Insurance Claims Council, and on September 24, 1934, the Director advised the mother that "therefore the claim has been denied."

The instant action was filed on October 8, 1934. By appropriate assignments appellant challenges the admissibility of the appellee's letter of June 1, 1919, the rejection of the letters written by Hallett and the Assistant Director, the receipt of the correspondence between appellee's counsel and the Veterans' Administration in 1932 and 1933, and the letter of September 24, 1934, written by the Director to appellee. Error was also assigned to the denial of appellant's motion for a directed verdict.

It is the contention of the appellant that the mother's letter of June 1, 1919, was insufficient to constitute a claim; that even if it were sufficient, such claim was denied either (1) by the Hallett letter to the mother of June 8, 1920, or (2) by the letter of the Assistant Director to Congressman Hill, dated February 10, 1927; or (3) that we should consider that the claim was denied by the Hallett letter, thereafter opened and again denied by the letter of the Assistant Director to the Congressman.

Appellee contends that the mother's letter of June 1, 1919, was sufficient to constitute a claim; that the Hallett letter and

the letter of the Assistant Director were properly excluded because it did not appear that the addressees named in such letters were acting on behalf of the mother, and further because Hallett and the Assistant Director were not authorized to effect such denial and that therefore the letters were immaterial.

It is provided in 38 U.S.C.A. § 445 as follows:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * *

"The term 'claim,' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator. * * *"

38 U.S.C.A. § 445c provides in part: "A denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 445 of this title. This section is made effective as of July 3, 1930, and shall apply to all suits pending on January 28, 1935, against the United States under the provisions of section 445 of this title * * *."

In addition to the questions raised by appellant with respect to the sufficiency of appellee's claim and the admissibility of the letters above referred to, appellant contends that there is no substantial evidence showing decedent to have been permanently and totally disabled within the meaning of his contract of insurance on March 31, 1919, which was the date of expiration when appellant claims the insurance policy became

ineffective by reason of the failure of decedent to pay the premium due thereon. If the letter of June 1, 1919, written by the mother and received by the Bureau of War Risk Insurance, constituted a claim and if that claim was not denied prior to October 9, 1931, then the limitation prescribed by 38 U.S.C.A. § 445c is not of importance here; hence the real question presented to us revolves about the inquiry as to the meaning of the word "claim" as set forth in 38 U.S.C.A. § 445.

It is apparent that Congress intended to prescribe a liberal definition with respect to what constitutes a claim.

■ It is not necessary thereunder that the claim "allege total and permanent disability" nor that it actually assert or claim insurance benefits. It is sufficient under the statute if it "uses words showing an intention to claim insurance benefits." United States v. Townsend, 4 Cir., 81 F.2d 1013.

We think that even a casual reading of the mother's letter of June 1, 1919, indicates such an intention.

It has been said that it is not sufficient that the words used merely show a desire to claim, United States v. Lockwood, 5 Cir., 81 F.2d 468, 470; nor is it sufficient that the words used merely announce that a claim will later be made, Werner v. United States, 2 Cir., 86 F.2d 113. A "mere inquiry" is not sufficient, United States v. Primilton, 5 Cir., 76 F.2d 555, 557. It has been held that where the words used merely make inquiry as to whether or not decedent's father is "entitled to payment under the terms * * * of the certificate" that the said words do not constitute a claim, Corn v. United States, 10 Cir., 74 F.2d 438.

In the instant case the words used were written by appellee, the letter was received by the appellant on June 6, 1919, the language advised of the date of the veteran's death, asked if the insurance was in effect, and in our opinion used words showing an intention to claim insurance benefits. Indeed, we think that appellant concedes this, for it is said in appellant's brief, referring to the letter in question, "It was not a claim of right to such benefits but was merely an inquiry as to the status of the insurance with a request for payment if the right to it should exist."

It can hardly be said that a "request for payment" does not indicate an intention to claim the very benefits for which payment

is thus asked. Appellant calls our attention to a substantial list of cases[1] holding that divers letters did not constitute a claim under the circumstances in which they were presented, but in none of them is there any suggestion that such letters contained a request for payment, and we think the instant case is distinguishable from the rule laid down in the cases cited by appellant in that none of them contain in words or by implication such a request.

■ We hold that the mother's letter of June 1, 1919, constituted a claim. Inasmuch as there is no contention made that the letters written by Hallett and the Assistant Director were ever communicated to the appellee, either actually or by necessary implication, we see no error in excluding such letters from evidence. There was no basis for a presumption that appellee received any of the letters alleged to constitute a denial of the claim, because there was no testimony that any of such letters were ever mailed. As we hold a claim was filed with the Administration on June 6, 1919 and was not disposed of by denial, then the correspondence between appellee's counsel and the Department in 1932 and 1933 was properly received.

The statutory limitation contemplates that an action based upon a contract and yearly renewable term insurance must be brought within six years after the right accrued, or within one year after July 3, 1930, whichever is the later date, World War Veterans' Act, 1924, supra, § 19. But the same statute provides that such limitation is suspended for the period elapsing between the date of filing a claim in the Veterans' Administration and the date of the denial of said claim by the Administrator, 38 U.S.C.A. § 445.

■ It is apparent that any rights under the insurance policy issued to the decedent accrued not later than May 11, 1919 and that the action herein was not instituted until October 8, 1934, hence the period of limitation specified in section 19, supra, expired prior to the commencement of this action unless appellee's letter of June 1, 1919 constituted a claim. Holding as we do that such letter constitutes a claim, the statutory period was tolled, and this action commenced within the time allowed by statute.

■ Appellee lived for forty one days after the date to which his insurance was paid, and of such forty one days thirteen thereof were spent in bed immediately prior to his death. It seems to be unquestioned that death occurred as a result of the disease known as encephalitis lethargica. There was medical testimony to the effect, first, that under some circumstances such disease is one of sudden onset and that it does not come on gradually. But there was also direct medical testimony to the effect that the progress of such disease is gradual in cases accompanying epidemics or acute infectious diseases, and that the symptoms thereof "are liable to be more deliberate in coming on" where it follows influenza or other infectious diseases. There was also evidence to the effect that prior to his discharge the veteran had suffered continuously from a bad cold for a period of approximately three months and that upon his discharge he was still suffering from said cold, had a severe cough, was nervous, restless, had chills, his complexion was sallow, he had lost weight and had influenza, and that such nervousness and weakness remained with him all of the time after his discharge. The symptoms just described were the symptoms which were alleged by competent medical testimony to accompany encephalitis lethargica, particularly in cases where that disease accompanies influenza. It would seem, and we hold, that it was proper to submit to the jury the question as to whether or not decedent was suffering at all times after his discharge from the army from encephalitis lethargica.

There remains the question as to whether or not the disease from which decedent suffered during all of the time after his discharge from the army disabled him to a total and permanent degree. There was testimony as to his illness during practically all of the time after his discharge. There was testimony of his inability to carry on work continuously. There was testimony that during the twenty eight days after his discharge and prior to the time when he

[1] Corn v. United States, supra; United States v. Primilton, supra; United States v. Lockwood, supra; Werner v. United States, supra; Chavez v. United States, 10 Cir., 74 F.2d 508; United States v. Peters, 8 Cir., 62 F.2d 977; United States v. Collins, 4 Cir., 61 F.2d 1002; United States v. Densmore, 9 Cir., 58 F.2d 748; Tyson v. United States, 4 Cir., 76 F.2d 533, affirmed 297 U.S. 121, 56 S. Ct. 390, 80 L.Ed. 520.

became bedridden that he found it necessary to consult medical assistance and to follow medical treatment.

While there was testimony to the effect that decedent attempted some field work, the fact remains that such field work was carried on or attempted to be carried on only about six days, and that during that time it was necessary for him to lie down in the field at various times, and that he only continued such work by the aid of his wife, who drove a team in the field for him while he lay down and rested.

There was also testimony to the effect that decedent during such time attempted to assist in the fanning of seed wheat but that he could not carry on because of his inability to stand the dust.

The only other work attempted during the said period was to "putter around" as farmers do when it is too rainy and wet to work in the field, but there was testimony to the effect that even such light work affected him and aggravated his condition.

Upon the whole there was testimony sufficient to sustain a verdict of the jury for we must view the evidence taken in the lower court in the light most favorable to the appellee, United States v. Thompson, 9 Cir., 92 F.2d 135, 139; United States v. Klever, 9 Cir., 93 F.2d 15, 16.

Appellee's claim having been filed June 6, 1919, was pending July 3, 1930, was not denied until September 24, 1934. It follows that this action, instituted within fourteen days thereafter, is not barred by the statute of limitations, and there being substantial evidence to the effect that decedent was totally and permanently disabled from and after the date when his insurance was in effect, the judgment must be

Affirmed.

MATHEWS, Circuit Judge (dissenting).

Appellee's letter of June 1, 1919, did not allege permanent and total disability at a time when the contract of insurance was in force, nor did it use words showing an intention to claim insurance benefits. It therefore, did not constitute a "claim," within the meaning of section 19 of the World War Veterans' Act, 38 U.S.C.A. § 445. Compare United States v. Collins, 4 Cir., 61 F.2d 1002; United States v. Peters, 8 Cir., 62 F.2d 977; Wilson v. United States, 10 Cir., 70 F.2d 176; Corn v. United States, 10 Cir., 74 F.2d 438; Chavez v. United States, 10 Cir., 74 F.2d 508; United States v. Primilton, 5 Cir., 76 F.2d 555; United States v. Lockwood, 5 Cir., 81 F.2d 468; Werner v. United States, 2 Cir., 86 F.2d 113. No claim was filed by appellee until March 21, 1933. Meanwhile, on July 3, 1931, the period of limitation specified in section 19 had expired and, having expired, said period was not extended by the filing of appellee's claim. Her claim was denied on September 24, 1934. This action was commenced on October 8, 1934. It was and is barred. Appellant's motion for a directed verdict should have been granted.