## COHEN v. UNITED STATES.

### No. 9863.

Circuit Court of Appeals, Fifth Circuit.

Aug. 2, 1941.

Gabe Jacobson, of Meridian, Miss., for appellant.

Kenneth E. Spencer and Thomas E. Walsh, Attorneys, Dept. of Justice, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Julius C. Martin, Director, Bureau of War Risk Litigation, all of Washington, D.C., and Toxey Hall, U. S. Atty., of Jackson, Miss., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

An action on a war risk insurance contract brought by the administrator of Frank Davidson on Aug. 31, 1932, was dismissed

because barred by limitation. The petition as amended alleged that while the insurance was in force and before his discharge on Dec. 14, 1918, Davidson became totally and permanently disabled and so continued till his death on Aug. 8, 1923; that demand for payment was made April 29, 1931, and denied by the Veterans Bureau and notice given by the Director on May 2, 1932.

It was stipulated that a letter was written by Hon. Ross A. Collins to the Veterans Bureau received on April 29, 1931, reading: "I am enclosing death certificate of Frank Davidson, formerly living in Meridian, Miss., whose death occurred Aug. 8, 1923, from tuberculosis of the lungs. I do not have any information at all with reference to this man's service except that given on the back of the death certificate, and if you are able to identify his service from this I will thank you to investigate and see if the members of the family are entitled to any benefits which might have been due him." Collins intended by the letter to claim any benefits, whether compensation, insurance, or otherwise, that might have been due. The letter was answered May 5, 1931, by stating that Davidson's insurance lapsed for non-payment of premium due January, 1919, and was never reinstated, and that investigation would be made to see if any compensation was possibly due. A specific but informal claim for the insurance was made by Della Scott, received June 18, 1931. A formal claim was made by the administrator on June 29, 1931. This claim was denied, and notice given May 5, 1932.

The limitation provisions are found in 38 U.S.C.A. § 445. The suit must be brought within six years after the right accrued, or within one year after July 3, 1930, whichever is the later date. July 3, 1931, is the later date here. The running of limitation is suspended while a claim is pending before the Veterans Administration. It is conceded that the claims made by Della Scott and the administrator were filed too late to save this suit. Treating the letter of Congressman Ross as a claim, as the trial judge did, there remained at its filing a period of sixty-six days, from April 29 to July 3, 1931, within which to bring suit. Limitation then ceased to run, but began to run again on mailing notice of the denial, May 5, 1932, and the suit became barred sixty-six days afterwards, towit on July 10, 1932. On Aug. 31, when it was filed, it was fifty-two days too late.

To save the suit reliance is placed on the retroactive provision of an Act of 1936, 49 Stat. 2034, 38 U.S.C.A. § 445d: "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit." The administrator argues that the words "in addition" mean that the two periods of time are to be added together. If this were the intention, the statute would have given the claimant ninety days from the expiration of the period of limitation. What he was given is "ninety days from the date of the mailing of notice", and this allowance can begin at no other date. The ninety days must in this case be counted from May 5, when the notice was mailed, and not from July 10, when limitation attached. "In addition" means that an additional but separate grace or privilege is to be extended. Besides the suspension of limitation privilege, there is to be this ninety-days-after-notice grace, whichever is longer, but they are not to be cumulated. This was the meaning given the statute in Walden v. United States, 6 Cir., 106 F.2d 611. The present suit was not filed within ninety days from May 5, 1932, and was not saved by the additional grace extended by the Act of 1936.

Judgment affirmed.

HUTCHESON, Circuit Judge, specially concurring:

I concur in the affirmance and in the view of the majority that "treating the letter of Congressman Ross as a claim", the suit was filed too late. I do not agree that that letter was a claim.