## UNITED STATES v. WALLACE et al.
### No. 2317.

Circuit Court of Appeals, Tenth Circuit.

Oct. 31, 1941.

Thomas E. Walsh, of Washington, D. C. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Charles E. Dierker, U. S. Atty., and John Brett, Asst. U. S. Atty., both of Oklahoma City, Okl., and Charles L. Chalender, of Kansas City, Mo., Atty., Department of Justice, on the brief), for appellant.

Tom Garrett, of Oklahoma City, Okl., for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The plaintiffs (appellees here) recovered judgment on a contract of insurance issued to the deceased, John Byrl Wallace, while in the military service of the United States, based upon proof of total and permanent disability while the contract was in full force and effect. The United States has appealed.

This appeal presents the sole question of whether or not the suit was barred by Section 19 of the World War Veterans' Act of 1924, as amended July 3, 1930, 46 Stat. 992; 38 U.S.C.A. § 445, and involves the precise question of whether or not a certain letter written on behalf of the beneficiaries to the United States Veterans' Bureau on June 26, 1931, in the language of Section 19 "uses words showing an intention to claim insurance benefits." The letter follows:

"Lawrence E. Tryon
County Judge
Guymon, Oklahoma
June 26, 1931

United States Veterans Bureau,
Oklahoma City, Oklahoma.
Gentlemen:

Please send me at once, several of the following form: 579 in duplicate and forms 535, 535a and 535b.

Thanking you, I remain
Yours very truly,
L. E. Tryon
Service Officer
Delius-Bratton Post No. 31

Name of Veteran: John B. Wallace.
Above veteran now deceased. Claim filed by beneficiary."

The record does not plainly indicate what action, if any, was taken on the letter by the Bureau. It is evident, however, that the requested forms were forwarded to the writer of the letter. Formal claim on Form 579 was executed by the beneficiary on July 23, 1931 and was received by the Veterans' Administration on September 10, 1931. Claim for insurance benefits was denied on August 14, 1936.

There is no contention concerning the insured veteran's total and permanent disability while the policy was in full force and effect.

Admittedly, if the above letter dated June 26, 1931 uses words showing an intention to claim insurance benefits, the suit is within the statute of limitations and the plaintiffs, appellees here, must prevail, otherwise the right of the appellees to recover on the insurance contract was barred under Section 19, supra, on July 3, 1931 and the trial court had no jurisdiction to render the judgment, and this cause must be reversed.

The pertinent part of Section 19, supra, as amended July 3, 1930, provides:

"* * * The term 'claim', as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, *or which uses words showing an intention to claim insurance benefits.*"

The underlying purpose of the limitations expressed in the Amendment to Section 19, by the Act of July 3, 1930, was to provide a uniform limitation upon the commencement of suits to recover the benefits under the World War Risk Insurance policies; to fix a definite date beyond which a suit could not be maintained under the Act. United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678; Wilson v. United States, 10 Cir., 70 F.2d 176.

The genesis of the suit was the filing with the Bureau a claim for benefits, a denial of the same resulting in a disagreement. These steps are jurisdictional prerequisites.

For definiteness and clarity, Congress (Act of July 3, 1930) defined a "claim" in ordinary, simple terms as words showing intention to claim insurance benefits. Obviously the Congressional purpose was to avoid technical refinements and to enable the unlearned and unlettered to present their grievances to the Veterans' Bureau by and through a simple and informal procedure. This provision has been liberally construed by the courts. Simmons v. United States, 4 Cir., 110 F.2d 296; United States v. Townsend, 4 Cir., 81 F.2d 1013; United States v. Collins, 4 Cir., 61 F.2d 1002; United States v. Meakins, 9 Cir., 96 F.2d 751.

Since disagreement is indispensable to the jurisdiction, and denial of a claim is indispensable to disagreement, it is fundamental that a claim, or an instrument purporting to be a claim, must use words sufficiently definite to apprise the Veterans' Bureau that the insured under the policy of insurance contends that by reason of his total and permanent disability while the insurance policy was in force, he is entitled to the benefits of same and if denied the benefits, intends to file suit to recover the same as provided by law.

Courts have been frequently asked to determine whether or not words used in a communication to the Veterans' Bureau by a veteran or on a veteran's

486

behalf are sufficiently definite to apprise the Government that the insured veteran was claiming or intending to claim insurance benefits. These communications have been judged by the simple and obviously appropriate rule that the instrument relied on to constitute a "claim" must be of such a character as to form the basis for a denial and disagreement. United States v. Lockwood, 5 Cir., 81 F.2d 468; Corn v. United States, 10 Cir., 74 F.2d 438; Werner v. United States, 2 Cir., 86 F.2d 113; Chavez v. United States, 10 Cir., 74 F.2d 508; United States v. Collins, supra; Wilson v. United States, supra; Simmons v. United States, supra; United States v. Townsend, supra.

In the application of this rule, use of words merely showing a desire to claim the insurance benefits is insufficient, United States v. Lockwood, supra, or to announce that a claim will later be made, Werner v. United States, supra, or a mere inquiry, United States v. Primilton, 5 Cir., 76 F.2d 555; Corn v. United States, supra, but courts generally adhere to the rule of informality both as to what constitutes a "claim" and "denial." Burns v. United States, 2 Cir., 101 F.2d 83; Neely v. United States, 4 Cir., 115 F. 2d 448; United States v. Meakins, supra; Simmons v. United States, supra; Cohen v. United States, 5 Cir., 121 F.2d 1007, decided August 2, 1941.

In many cases in which the courts have been asked to construe the language used to indicate an intention to claim the insurance benefits, the facts clearly denote the manner in which the Bureau treated the letter or communication addressed to it purporting to be a claim. Simmons v. United States, supra; Cohen v. United States, supra; Corn v. United States, supra; Chavez v. United States, supra. In these cases it is shown that the letters or communications, although informal and indefinite, were treated as a claim and the Government's reply thereto held to be a denial within the definition of the statute.

█ We are not favored with any correspondence between the Bureau and the insured indicating the manner in which the letter here relied upon was treated by the Bureau. Here, within the time allowed by statute for the filing of a claim, the service officer of the American Legion and county judge, at the home of the veteran, addressed a letter to the Veterans' Bureau at Oklahoma City in which he requested certain blanks, all of which were prescribed by the Bureau for the use of veterans in making various claims for benefits. In a postscript on the letter, it is stated: "Name of Veteran: John B. Wallace. Above veteran now deceased. Claim filed by beneficiary." Evidently, in answer to this letter, these forms were forwarded to the writer of the letter. Formal claim was made on July 23, 1931; the same was received by the Veterans' Bureau on September 10, 1931; and was not finally denied until August 14, 1936. It must be conceded that words more precise and definite could have been used to express an intention to claim the benefits of the insurance policy. It is for us to determine whether the words used can, in the light of the liberal purposes of the Act, rise to the dignity of a contention. If the letter had stated "claim [is hereby] filed by beneficiary," there would be no doubt of its sufficiency. See United States v. Meakins, supra.

To hold that the omission of two words, (is hereby), which, if used, would meet the requirements of a liberal statute liberally construed, is fatal to the jurisdiction as laid, would carry the rule into technical niceties not contemplated by the spirit or purpose of the Act.

A formal claim was filed with dispatch and the Government was not prejudiced by delay in passing upon the merits of the case.

The veteran was discharged from the military service on February 14, 1919, he took his own life by shooting himself on August 12, 1919, and the Government makes no contention here concerning the merits of this case.

When considered in the light of attendant facts, we hold that the words "claim filed by beneficiary" are sufficient to manifest an intention to claim the insurance benefits, that the jurisdictional requirements are met and the judgment is affirmed.