## WERNER v. UNITED STATES.
### No. 61.

Circuit Court of Appeals, Second Circuit.
Nov. 2, 1936.

Daniel J. O'Mara, of Rochester, N. Y. (Edmund Clynes, of Rochester, N. Y., of counsel), for appellant.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The only question in this case is whether the petitioner filed a "claim" under section 445 of title 38, U.S.Code (38 U.S.C.A. § 445), when her attorney sent to the Veterans' Administration the following letter:

"Isabelle Werner, widow of the above named veteran has consulted me in reference to her claim against the $10,000 War Risk insurance of the above named veteran, her deceased husband. This veteran has been dead over eighteen months and she has not received any remuneration of any kind.

"Kindly forward to me immediately the necessary forms and information for filing her claim in official form in your department."

We are to assume that this letter was received, but there is no evidence that the Administration ever took any action under it. Obviously they could not treat it as a "claim" to be "denied," or as the basis of a "disagreement"; it was merely preparatory and assumed that a "claim" would follow upon the official form. Under section 445 the time to sue expired on July 1, 1931; the letter was mailed on February 3, 1931. The section tolls from the limitation any period between the filing of the "claim" and its "denial" by the Administrator, leaving to the insured whatever remains of his period when he filed. It follows that the "claim" must be something which the Administrator can refuse. No doubt it may be very informal, but it must at least be the assertion of a present demand, not an announcement that a demand will be made. No official can take any action on such a paper.

Judgment affirmed.