**CANNON et al. v. UNITED STATES.**

No. 20626.

District Court, E. D. Pennsylvania.

Sept. 3, 1941.

James A. Walker, of Philadelphia, Pa., for plaintiffs.

J. P. McCormick, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and Samuel Gold, of Dept. of Justice, of New York City, for defendant.

KIRKPATRICK, District Judge.

This is a suit upon a policy of War Risk Insurance by the widow on behalf of her minor children and in her own right and as administratrix of the estate of the deceased soldier. The decedent was discharged from the service on June 24, 1919 and died January 7, 1928.

The only question is whether a letter written by plaintiff's attorney, Mr. Pinto, and dated February 16, 1928, amounts to a claim under the amended provisions of the World War Veterans' Act 1924. 38 U.S. C.A. § 445. I am of the opinion that it is not.

The letter is as follows:

"I have your letter before me of February 9th, 1928, addressed to Mrs. Anna C. Whitehead of 722 N. 22nd Street, this City, with reference to application for adjusted compensation due to William J. Whitehead who died on January 7th, 1928.

"It is an unquestionable fact that while your records may show that Mrs. Elizabeth Holmes was mentioned as the beneficiary by Mr. Whitehead, nevertheless the latter was entirely incompetent mentally and there is unquestionable evidence of the exercise of undue influence in the mentioning of Mrs. Elizabeth Holmes as beneficiary. On the point of mental incompetency, you may refer to your letter of August 21st, 1923, of District #3, Claims EGJ/EF #3, signed by A. L. Jackson, Chief of Claims Division of United States Veterans Bureau.

"I am herewith advising that this money be withheld by the Government pending legal adjudication of this matter owing to the exercise of fraud and undue influence in addition to the fact that the man was mentally incompetent at the time. Failure to heed this advice will render the Government liable to pay this money to the legitimate wife, Anna C. Whitehead whom I represent."

The pertinent provision of the World War Veterans' Act 1924 is: "The term 'claim', as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits, and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter."

This is definitive and admits of no doubt as to the insufficiency of the plaintiff's assertion of a claim.

In Werner v. United States, 2 Cir., 86 F.2d 113, a party seeking the benefits of the World War Veterans' Act 1924, as in the instant case, predicated her claim on this correspondence:

"Isabelle Werner, widow of the above named veteran has consulted me in reference to her claim against the $10,000 War Risk insurance of the above named veteran, her deceased husband. This veteran has been dead over eighteen months and she has not received any remuneration of any kind.

"Kindly forward to me immediately the necessary forms and information for filing her claim in official form in your department."

108

The Circuit Court of Appeals in affirming held that this was not a claim under Section 445 of Title 38. The Court said: "We are to assume that this letter was received, but there is no evidence that the Administration ever took any action under it. Obviously they could not treat it as a 'claim' to be 'denied,' or as the basis of a 'disagreement'; it was merely preparatory and assumed that a 'claim' would follow upon the official form. Under section 445 the time to sue expired on July 1, 1931; the letter was mailed on February 3, 1931. The section tolls from the limitation any period between the filing of the 'claim' and its 'denial' by the Administrator, leaving to the insured whatever remains of his period when he filed. It follows that the 'claim' must be something which the Administrator can refuse. No doubt it may be very informal, but it must at least be the assertion of a present demand, not an announcement that a demand will be made. No official can take any action on such a paper."

"It seems clear that there can be no disagreement within the meaning of the statute unless the Director is given information as to who is making a claim and as to what the claim is. Unless the Director is advised that some person is claiming to be entitled to the benefits of the contract and is asserting that, while it was in force, a contingency insured against occurred, he is in no position to agree or to disagree with the claimant as to the question of liability under the contract." United States v. Peters, 8 Cir., 62 F.2d 977, 979.

The plaintiff in the present case did less than the party claiming in the Werner case. The letter written by her attorney was a warning to the Government not to pay the money to another person pending legal proceedings to determine whether the rights of that other were obtained by fraud or undue influence. The recipient of Mr. Pinto's letter was not advised that a present claim was being presented or asserted. Wilson v. United States, 10 Cir., 70 F.2d 176. The burden is on the claimant to show that she or someone else for her had made to the Veterans' Bureau a claim in writing for insurance benefits. Congress alone can prescribe the terms on which the claim for benefits under the World War Veterans' Act 1924 may be recovered, and it is not within the province of the courts to extend or limit a clear expression of these terms. Tyson v. United States, 4 Cir., 76 F.2d 533. See, also, Corn v. United States, 10 Cir., 74 F.2d 438.

As was stated succinctly in United States v. Lockwood, 5 Cir., 81 F.2d 468, 470, "It was the purpose of the statute to fix a definite period of time for bringing suits after the passage of the act, this time to be in addition to the time taken in the Bureau to reach the disagreement on a claim, required as a prerequisite of suit. Its definition of 'claim' must be read in the light of this purpose. So read, it may not be made to cover mere inquiries as a basis for a later claim, or even expressions of a future wish or desire, if replies are favorable, to claim. So read, nothing falls within it, except a present claim which, though it may be deficient in form, yet asserts in substance a definite and positive claim to benefits under the policy."

Judgment is entered for the defendant.