### COOK v. UNITED STATES.

#### No. 2914.

Circuit Court of Appeals, Tenth Circuit.

Oct. 25, 1944.

Sherman A. Sutliff, of Denver, Colo. (Warren E. Miller and C. L. Dawson, both of Washington, D. C., and Tom W. Garrett, of Oklahoma City, Okl., on the brief), for appellant.

Charles L. Chalender, Atty., Dept. of Justice, of Springfield, Mo. (Francis M. Shea, Asst. Atty. Gen., Lester P. Schoene, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Asst. Director, Bureau of War Risk Litigation, and Keith L. Seegmiller, Atty., Department of Justice, all of Washington, D. C., and Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Cam C. Boyd enlisted in the military service of the United States on August 2, 1917, and was honorably discharged therefrom January 31, 1919. While in the military service, there was issued to him a policy of war risk insurance in the amount of $10,000 in which his father, John R. Boyd,

was designated as beneficiary. The premiums on the policy were paid to and including February 3, 1919, which continued the policy in force until March 31, 1919. The insured died February 6, 1930. The beneficiary died August 5, 1929. Cook is the administrator of the estate of the insured.

The insured became permanently and totally disabled while in the service and was so disabled on January 31, 1919.

On January 2, 1930, Senator Elmer Thomas, as agent of the insured, wrote a letter to the Veterans' Bureau inquiring whether the insurance policy of insured was paid up and if not, whether it could be reinstated, and further stated: "I am advised that Mr. Boyd receives compensation for total disabilities; hence, he desires to know if he is not also entitled to insurance payments."

On January 6, 1930, the Veterans' Bureau replied thereto by letter, the material portions of which read:

"* * * The records of this office disclose that the veteran while in the Service applied for insurance in the amount of $10,000 which insured permitted to lapse for nonpayment of premium due March 1, 1919. The veteran is not shown to have been suffering from a service connected disability of compensable degree at the time he permitted his insurance to lapse, and accordingly, no portion thereof may be revived under the provisions of section 305 of the World War Veterans' Act, * * * The veteran is rated as permanently and totally disabled from October 1, 1925, and in as much as the veteran is considered permanently and totally disabled there may be no reinstatement of his insurance at this time."

On January 2, 1940, an informal claim for insurance benefits was filed by Cook, as attorney for the insured's stepmother and brother. A formal claim for insurance benefits was filed on Forms 579 and 579a on April 30, 1940, by Sylvia Boyd Shuler, sister of the insured. The latter claim was denied on February 10, 1942, and the denial was approved by the Administrator of Veterans' Affairs on April 8, 1942.

Cook, as administrator, commenced this action on the policy on May 11, 1942. The United States pleaded as a defense thereto that the action was not commenced within the time required by § 19 of the World War Veterans' Act, 1924, as amended by the Act of July 3, 1930, 38 U.S.C.A. § 445.

The trial court held that the letter of January 2, 1930, was not a claim for insurance benefits and that the action was barred by the provisions of § 445, supra, and entered judgment accordingly. The administrator has appealed.

▆ Even under the liberal definition of a claim, written into the World War Veterans' Act, 1924, by the amendment of July 3, 1930, to § 19 of that Act, 46 Stat. 993, 38 U.S.C.A. § 445, the letter of January 2, 1930, did not constitute a claim. It did not assert that the insured was totally and permanently disabled when the policy was in force, or claim that the insured was entitled to insurance benefits or use words showing an intention to claim such benefits. On the contrary, it was a mere inquiry as to whether the insured was entitled to insurance payments in addition to compensation.[1]

▆ But, if the letter of January 2, 1930, can be regarded as a claim, we think it was denied by the letter of January 6, 1930. That letter stated that the policy had lapsed for nonpayment of the premium due March 1, 1919; that it was not shown the insured was suffering from a service-connected disability of compensable degree at the time the policy lapsed and, hence, no portion of the policy could be revived under § 305 of the World War Veterans' Act, 1924, 38 U.S.C.A. § 516; and that since the insured had been rated as totally and permanently disabled since October 1, 1925, the policy could not be reinstated. That letter, in effect, stated that the policy had lapsed and could not be reinstated, in whole or in part.

▆ If the letter of January 2, 1930, did not constitute a claim, the right to sue expired on July 3, 1931. On the other hand, if it did constitute a claim and the letter of January 6, 1930, constituted a denial, the right to sue expired on July 7, 1931. The claims filed in 1940 were of no avail.

The judgment is, therefore, affirmed.

---

[1] See Corn v. United States, 10 Cir., 74 F.2d 438; Chavez v. United States, 10 Cir., 74 F.2d 508; Wilson v. United States, 10 Cir., 70 F.2d 176; United States v. Lockwood, 5 Cir., 81 F.2d 468.