Luba WANG, formerly known as Lillian Murashek, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
July 31, 1961.

Samuel W. Sherman, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, Lola S. Lea, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

This is a motion pursuant to Rule 12 (b) (1) of the Rules of Civil Procedure, 28 U.S.C.A., for an order dismissing the complaint on the ground that the action was not started within the applicable period of the Statute of Limitations.

The action is one to recover $9,000 under two life insurance policies issued by the United States of America National Service Life Insurance.

■ Inasmuch as matters outside the pleadings have been presented to the Court on this motion, the motion has been treated as one for summary judgment and will be disposed of as provided for in Rule 56. See Rule 12(b) of the Rules of Civil Procedure.

It appears without dispute that Nicholas Murashek (hereinafter referred to as the "veteran" or "decedent") was in the active military service in 1942. He applied for and was issued a National Service Life Insurance policy in the sum of $2,000.* He thereafter applied for and was issued a second policy in the amount of $8,000. Premiums on the insurance were paid by allotment from service pay through August 31, 1946. In August of that year the veteran's service with the military forces was terminated. On September 1, 1946 the insurance lapsed for non-payment of premium due. On July 17, 1949, decedent died at the Seaview Hospital, New York, where he had been confined for treatment of pulmonary tuberculosis. Thereafter, on August 12, 1949, the plaintiff, a sister of the decedent and a named beneficiary in the insurance policies, wrote to the Veterans Administration stating, in part, as follows:

"Please inform me of the status of this policy, since it is very likely that medical proof will establish that my brother was suffering from the ailment from which he died at a time when your policy was in full force and effect.

\* \* \* \* \* \*

"I would appreciate being advised what rights his heirs and next of kin

---

\* Lillian Murashek, plaintiff in this action, was the beneficiary of this policy to the extent of $1,000. It is that sum, plus the later $8,000, that make up the $9,000 claim in this action.

are entitled to if it is established that his death was caused from injuries or ailment contracted while serving the United States of America."

The Veterans Administration replied to this communication by letter of September 2, 1949, stating in part:

"The records further show that premium payments on both certificates were made only to August 31, 1946. The insurance, therefore, lapsed for non-payment of premium due September 1, 1946, and upon the veteran's death on July 17, 1949, no insurance was in force. Accordingly, no benefits are payable."

The letter further indicated that under the National Service Life Insurance Act provision was made for the waiver of payment of premiums during the continuous total disability of the insured which continues or has continued for six or more consecutive months, provided such total disability commenced subsequent to the date of application for insurance and while the insurance was in full force. The Veterans Administration advised plaintiff that if she believed that the facts warranted an application of waiver, she might execute and return a Statement of Claim for Waiver of Premiums.

A second inquiry from plaintiff was received by the Veterans Administration in July, 1950. At that time she requested advice as to whether benefits might be applied for, in view of the fact that insurance lapsed because of "the deceased's inability to pay premiums because of a service-connected disability." The plaintiff requested information as to the requirements and procedure for filing an insurance claim. The Veterans Administration again replied that no benefits were payable and informed the plaintiff that in the event she felt the facts warranted an application for waiver she might execute a Statement of Claim for Waiver of Premiums or Continuation of Waiver of Premiums.

No further action was taken by plaintiff until April, 1957. On April 12, 1957,

plaintiff, through her attorney, submitted the claim presently asserted. A formal claim for waiver of premiums was filed on June 25, 1957. On November 6, 1957, plaintiff was advised by registered letter of the determination of the Veterans Administration, Philadelphia Office, that her claim for waiver of premiums was denied and advised of her right to appeal said determination. On March 24, 1958, plaintiff filed an appeal, on which hearing was thereafter held and which resulted in the decision of January 27, 1959, affirming the original administrative determination. Plaintiff was advised of this determination by registered letter. Shortly thereafter the present action was instituted.

The applicable statute relating to the limitation of time of right to bring actions on National Service Life Insurance is section 784 of Title 38 United States Code, which provides in subsection (b) that no such suit shall be allowed

"* * * unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim * * *.

* * * * * *

"(h) The term 'claim' as used in this section means any writing which uses words showing an intention to claim insurance benefits * * *."

■ The right, if any, of the plaintiff accrued on July 17, 1949, when the veteran died. Plaintiff's time to sue would expire (unless the period of limitation was suspended) on July 17, 1955. However, suit was not commenced until September 28, 1959. The question, therefore, is whether the writings sent by the plaintiff, or her attorney, to the Veterans Administration, constituted a claim, with-

in the meaning of the statute providing that the limitation of six years is suspended for the period elapsing "between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim."

The definition of the term "claim" in the statute is clear. It indicates that the writing must use words showing an intention to claim insurance benefits. As the Court of Appeals for this Circuit stated in Werner v. United States, 2d Cir., 1936, 86 F.2d 113:

> "It follows that the 'claim' must be something which the Administrator can refuse. No doubt it may be very informal, but it must at least be the assertion of a present demand, not an announcement that a demand will be made."

It would also follow that a mere inquiry of a request for information is not the assertion of a claim. See, Cook v. United States, 10 Cir., 1944, 145 F.2d 290; Wilson v. United States, 10 Cir., 1934, 70 F.2d 176; Corn v. United States, 10 Cir., 1934, 74 F.2d 438; United States v. Mills, 6 Cir., 1937, 91 F.2d 487; United States v. Lockwood, 5 Cir., 1936, 81 F.2d 468.

 Copies of all correspondence between the plaintiff, or her attorney, and the Veterans Administration have been submitted on this motion. The Court therefore must determine whether letters sent by the plaintiff, or her attorney, constitute a claim, and if so, when the claim was made.

The letters sent by the plaintiff in 1949 and 1950 were not claims, but rather were requests for information. No definite demand was made by the plaintiff. Had she believed that she had filed a present claim it is unreasonable to suppose that she would have waited from 1950 until 1957 to pursue the matter further. Moreover, the fact that in 1957 a formal claim was filed on the appropriate forms (which had been sent to plaintiff on two occasions in 1949 and 1950) indicates that the plaintiff must have been of the view that she had made no claim prior to the formal filing. The statute provides

that the claim must use words "showing an intention to claim insurance benefits." Until the filing of the claim in 1957, communications were not of that nature. Since plaintiff's time to sue would have expired on July 17, 1955, the hiatus between the filing of claim in 1957, and its denial in 1959, would not extend the statute of limitations.

The Court finds that the communications sent by plaintiff and her counsel to the Veterans Administration, and the replies of the Veterans Administration, exist without substantial controversy. It finds that no claim was made by the plaintiff, within the meaning of the statute, until April 12, 1957. The Court, therefore, finds that the action was not brought within the period of limitations provided in the statute. The motion is granted. Submit order.