**Luba WANG, formerly known as Lillian Murashek, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 294, Docket 27277.

United States Court of Appeals Second Circuit.

Argued April 2, 1962.

Decided April 30, 1962.

Samuel W. Sherman, New York City, for plaintiff-appellant.

Philip J. Ryan, Jr., Asst. U. S. Atty., S. D. N. Y., New York City (Robert M. Morgenthau, U. S. Atty., and Eugene R. Anderson, Asst. U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, HINCKS, and FRIENDLY, Circuit Judges.

PER CURIAM.

Undoubtedly this action for veteran life insurance is time-barred under 38 U.S.C. § 784(b), requiring action within six years after the right has accrued unless plaintiff can show that the time was suspended by her filing of a claim. Her brother, then in service, took out the policies in 1942 and 1943; but they lapsed for nonpayment of the premiums when he left the service in 1946. He died on July 17, 1949, and she did not make formal claim until 1957. She relies, however, on two letters she wrote the Veterans Administration—one in 1949 and one in 1950—asking for information as to the policies and the possibility that nonpayment of the premiums was excused by his service disability at the time. In each case the Veterans Administration answered stating that no

benefits were payable, since the insurance had lapsed for nonpayment of the premiums, but stating that she could apply for waiver of payment for disability and sending her the appropriate forms to fill out. See the opinion below, D.C.S.D.N.Y., 196 F.Supp. 240, at 241–242. But she took no further action until 1957.

While no particular form is necessary for the presentation of a claim under 38 U.S.C. § 784, the courts have uniformly held that requests for information, without demand of payment, do not constitute a claim for purposes of suspending the running of the statute of limitations. We so held quite explicitly in Werner v. United States, 2 Cir., 86 F.2d 113; and other cases so holding are cited in the opinion below, D.C.S.D.N.Y., 196 F. Supp. 240, at 243. The district court was therefore correct in dismissing the complaint.

Affirmed.