**Leona PEAKE**

v.

**UNITED STATES of America.**

**Civ. No. 2231.**

United States District Court
E. D. Tennessee, S. D.

Feb. 10, 1955.

John S. Wrinkle, Chattanooga, Tenn., for plaintiff.

John C. Crawford, U. S. Atty., Knoxville, Tenn., for defendant.

DARR, Chief Judge.

For insufficiency of the claim for relief, the defendant has filed a motion to dismiss the plaintiff's action which was instituted for recovery under a National Service Life Insurance policy.

Material parts of the complaint set out that the plaintiff's son, Oscar Charles Peake, Jr., was inducted into the military service of the United States on April 29, 1943, and served in the army until on or about July 30, 1943, when he disappeared from Camp Wheeler, Georgia; that there has been no evidence concerning his existence or whereabouts since; that during the period of his military service he acquired a policy of in-

surance for $10,000 under the provisions of the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq., which policy was effective May 1, 1943, in which plaintiff was named as beneficiary; that pursuant to a suit in a local equity court a judgment was entered on February 7, 1953, in which the court announced that the soldier was presumed to be legally dead and adjudged that his death occurred on or about July 30, 1943, the date of the mysterious and unexplained disappearance; that before the issuance of the policy the soldier had become totally and permanently disabled and that his ailments and injuries were, "Chorea, nervous trouble, mental trouble, St. Vitus Dance, general debility and weakness and despondency"; that the plaintiff made due application to the Veterans Administration for the benefits under the policy, but the defendant disagreed and declined to pay; and that the seven year period of her son's unexplained absence tolled the statute of limitations.

■ The plaintiff's right of recovery depends on whether the adjudication of the state court declaring him to be dead as of July 30, 1943, is effective under federal law. Necessarily the judgment of the state court was based upon Tennessee statutory law. Williams' Code of Tennessee, Vol. 5, pocket part, Chapter 5, particularly sections 8407.10(1) and 8407.19(2).

The Court reaches the conclusion that the judgment of the state court has no efficacy in support of plaintiff's claim.

Under the general provisions pertaining to benefits under the law administered by the Veterans Administration, there is provided a definite prohibition against any state law being applicable for presumption of death. Title 38 U.S.C.A. § 32a. The same provision is carried into the National Service Life Insurance Act itself, codified at Title 38 U.S.C.A. § 810. The language is so plain that no one can err thereby and is as follows: "No State law providing for presumption of death shall be applicable to claims for National Service Life Insurance."

The general provisions at said section 32a and in the National Service Life Insurance Act, at said section 810, provide that unexplained absence for seven years will presume death as of the date of the expiration of such period. There-. fore, the presumption of death of this soldier would have to be on or about July 30, 1950, the end of seven years after his disappearance.

There is no allegation that the soldier made application for waiver of payment of premiums because of total disability within a year after August 1, 1946 and, in fact, there is no allegation that he ever made application to the Administrator for a waiver. Therefore, if it could be inferred that the plaintiff made application for waiver when she made application for the payment of the insurance, such action would not bring the plaintiff into the right of benefits under the Act. Scott v. United States, 5 Cir., 1951, 189 F.2d 863, certiorari denied 342 U.S. 787, 72 S.Ct. 169, 96 L.Ed. 660; Hendricks v. United States, D.C.E.D. Tenn, 94 F.Supp. 142.

In addition there is no allegation in the complaint that the insured did not make timely application for waiver of premium due to circumstances beyond his control, or that the Administrator granted such waiver under such circumstances.

The law concerning waiver because of disability is found in the Act, as codified, in Title 38 U.S.C.A. § 802(n).

The Court was concerned as to why there would be put into the National Service Life Insurance Act the provisions for presumption of death after seven years absence, but at least one reason could be that a soldier might have been released from paying premiums because of permanent and total disability and thereafter presumption of death set up whereby a beneficiary would be entitled to the insurance.

■ In this case, under the Act itself as heretofore pointed out, this soldier,

assuming the allegations of the complaint to be true, would be presumed to be dead as of July 30, 1950. The soldier not having made the required application for waiver of payment of premiums because of total disability and having same granted for future or past premiums, and not having alleged any facts that would excuse the making of the timely application, this insurance policy lapsed in 1943 and is not effective.

The defendant's motion is granted and the case is dismissed at plaintiff's costs.

Order accordingly.