Leona PEAK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12511.

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1956.

John S. Wrinkle, Chattanooga, Tenn.
(C. G. Milligan, Chattanooga, Tenn., on
the brief), for appellant.

Alan S. Rosenthal, Dept. of Justice,
Washington, D. C. (Warren E. Burger,
Paul A. Sweeney, Washington, D. C.,
John C. Crawford, Jr., Knoxville, Tenn.,
on the brief), for appellee.

Before SIMONS, Chief Judge, and
ALLEN and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The appellant was the beneficiary in
a National Service Life Insurance policy
issued to her soldier son. Her suit to

recover on the policy was dismissed on the ground that the Court had no jurisdiction of the subject matter and that her complaint failed to state a claim upon which relief could be granted. The basic facts are not in dispute.

Oscar Charles Peak, Jr., the son, was inducted during World War II into the military service of the United States on April 29, 1943. On July 30th of that year, after his unit was ordered to proceed from Camp Wheeler, Georgia to San Francisco, he disappeared and all efforts made by the Army, the FBI, and his family to locate him proved futile. On February 7, 1953, the Chancery Court of Hamilton County, Tennessee, in a suit upon a commercial policy, decreed that not having been heard from for more than seven years he died on or about the date of his disappearance, July 30, 1943. The appellant made due application to the Veterans' Administration, in 1951, for the benefits accruing to her under the policy. Her claim was denied and she brought suit against the Government on the policy in February, 1954, based upon the presumption that more than seven years having expired since the insured was last heard from, he was now dead and that the death occured as of the date of his disappearance, July 30, 1943. It is conceded that the insured did not make timely application for waiver of premium due to circumstances beyond his control, and that no one made such application on his behalf. The District Court held that his policy had lapsed.

The appellant alleges that during the life of the policy, and before the soldier's disappearance, her son was afflicted with chorea, nervous trouble, mental trouble, St. Vitus Dance, general disability, and weakness and despondency; that from his condition at that time a presumption arose that he died on or about July 30, 1943. She, therefore, contends that she became entitled to the full proceeds of the policy.

Title 38 U.S.C.A. § 810, provides:

"No State law providing for presumption of death shall be applicable to claims for National Service Life Insurance. If evidence satisfactory to the Administrator is produced establishing the fact of the continued and unexplained absence of any individual from his home and family for a period of seven years, during which period no evidence of his existence has been received, the death of such individual as of the date of the expiration of such period may, for the purposes of this subchapter, be considered as sufficiently proved."

It will be noted that the above Section permits a finding that, after the lapse of seven years of unexplained absence, the insured is dead. It raises no presumption, however, as to the time of his death. The courts have held that the trier of facts may infer that he died before the expiration of the seven years, if it appears that within that period he had encountered some specific peril or come within the range of some impending or imminent danger which might reasonably be expected to destroy life. Davie v. Briggs, 97 U.S. 628, 24 L.Ed. 1086, or the time may be shortened by proof of facts and circumstances connected with disappearance as would show death at an earlier date. Fidelity Mutual Life Assurance v. Mettler, 185 U.S. 308, 22 S.Ct. 662, 46 L.Ed. 922.

The complaint herein alleges no circumstances sufficient to support an inference that at the time of the insured's disappearance he was in danger or peril and his infirmities if proved are not such as to support an inference that he died while the policy was in force or during the period that the policy could have been revived by a waiver of premiums timely sought. We agree with the decision of the district judge that the claim states no cause of action and, in any event, is barred by limitation. Wherefore, the judgment of the court must be, and it is,

Affirmed.