# PEAK *v.* UNITED STATES.

No. 491.   Argued February 28, 1957.—Decided March 25, 1957.

44

*John S. Wrinkle* argued the cause and filed a brief for petitioner.

*George S. Leonard* argued the cause for the United States. With him on the brief were *Solicitor General Rankin, Assistant Attorney General Doub, Samuel D. Slade* and *Alan S. Rosenthal.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner instituted this suit in the District Court in 1954 to recover the proceeds of a National Service Life Insurance policy. Petitioner's son, the insured, has been missing since disappearing from his army unit in 1943. The complaint alleges that, prior to the insured's disappearance, his condition was one of "general debility and weakness and despondency," and that he had become totally and permanently disabled as a result of certain "diseases, ailments and injuries." The complaint further avers that the insured had died in 1943, and that his total and permanent disability during the time the policy was in force entitled him to waiver of premiums on the policy.

The District Court dismissed the complaint, holding that the insured would, under the allegations of the complaint, be presumed to be dead as of 1950, and that the policy had lapsed in the interim. 138 F. Supp. 810. The Court of Appeals affirmed. 229 F. 2d 503. It held that the complaint contained no allegations which would entitle the trier of fact to conclude that the insured had died

at a time when the policy continued in force. *Id.,* at 504. We granted certiorari. 352 U. S. 822.

Respondent urges that the insured's death must be presumed to have occurred in 1950, at the end of seven years' unexplained absence, when this policy had long lapsed for failure to pay premiums. In the alternative, it is argued that, if the petitioner's claim is founded on the insured's death in 1943, it is barred by the six-year statute of limitations, 38 U. S. C. § 445. We hold that, under the allegations in this complaint, petitioner is entitled to take her case to a jury.

Congress has provided in 38 U. S. C. § 810 that a presumption of death shall arise upon the continued and unexplained absence of the insured for a period of seven years. Where proof of the insured's death must rest primarily upon his unexplained absence, suit may not be maintained, as a practical matter, prior to the expiration of the statutory seven-year period. Petitioner's cause of action, therefore, "accrued" at the time when, under § 810, she might have successfully maintained her suit, and that is the date from which the six-year statute of limitations should be computed.

Moreover, nothing in the provision of § 810 that the death of the insured "as of the date of the expiration of such period . . . may . . . be considered as sufficiently proved" precludes the beneficiary from introducing. further evidence from which the jury might conclude that the insured's presumed death occurred at an earlier date when the policy was still in force. *United States* v. *Willhite,* 219 F. 2d 343.* The jury might so conclude here,

---

*That was the view even before the presumption of death at the end of seven years' absence was codified. In *Davie* v. *Briggs,* 97 U. S. 628, 634, the Court said, "If it appears in evidence that the absent person, within the seven years, encountered some specific peril, or within that period came within the range of some impending

if petitioner can prove the allegations of the complaint concerning the insured's frail health and disability or other relevant facts. The presumption leaves it open to prove the precise time of the death, as the statute does not purport to create a conclusive presumption that the insured died at the end of the seven-year period. To compute the six-year limitation period from the date which the trier of fact establishes as the date of death would be to say that the beneficiary's right to recover had expired before she could have successfully prosecuted a lawsuit to enforce that right. It is only where the beneficiary proves merely the fact of the insured's seven years' unexplained absence that the statute establishes the presumption of death as of the end of that period. The "contingency on which the claim is founded," as used in 38 U. S. C. § 445, must, therefore, mean the end of the seven-year period when the presumption of death arose.

That seems to us to be the common sense of the matter; and common sense often makes good law.

Furthermore the allegations of permanent and total disability at the time of disappearance of the insured, if proved, would bring the petitioner within the premium waiver provisions of 38 U. S. C. § 802 (n). Since the claim was filed by petitioner within one year subsequent to the presumed date of death, it should be considered as including the lesser claim of premium waiver. Hence, even though the jury found the actual date of death to be later than 1943, the coverage of the policy might continue. As we read the complaint, this alternative cause of action would also not have accrued until 1950; and

---

or immediate danger, which might reasonably be expected to destroy life, the court or jury may infer that life ceased before the expiration of the seven years."

the six-year statute of limitations had not run when this suit was brought.

The judgment of the Court of Appeals is reversed and the case is remanded to the District Court for trial.

*Reversed.*

MR. JUSTICE WHITTAKER took no part in the consideration or decision of this case.

MR. JUSTICE HARLAN, whom MR. JUSTICE FRANKFURTER and MR. JUSTICE BURTON join, concurring in part and dissenting in part.

Petitioner sues to recover death benefits under a National Service Life Insurance Policy on the life of her son, a draftee in the United States Army. The case is before us only on the complaint, whose substantial allegations are these: The insured disappeared from his post in the Army on or about July 30, 1943, and has not been heard of since. At the time of his disappearance, for some time before, and continuously thereafter until his death, the insured suffered from "cholera, nervous trouble, mental trouble, St. Vitus Dance, generally debility and weakness and despondency," which prevented him from pursuing any gainful occupation and entitled him to a waiver of premiums on the policy, and "to have said policy continue in full force and effect until his death." It is then alleged that by reason of the insured's disappearance and ailments "the law presumes and [petitioner] avers that he died on or about July 30, 1943, and while the policy was in full force and effect and . . . that on or about July 30, 1950, at the expiration of said seven years" petitioner became entitled to the policy proceeds. Petitioner finally alleges that she made "due application" to the Veterans Administration for the policy

proceeds and "to have said insurance contract construed as being in full force and effect at the time of assured's death," but that her application was refused by the Administration on July 18, 1951.

Actions on life insurance policies issued under the National Service Life Insurance Act are governed by a six-year statute of limitations.[1] Section 610 of the Act, 38 U. S. C. § 810, abolishes all state law presumptions of death in connection with these policies, and substitutes a statutory presumption of death at the expiration of seven years' unexplained absence.[2] And § 602 (n) of the Act, 38 U. S. C. § 802 (n), provides for waiver of premiums under certain conditions, upon application of the beneficiary within one year after the insured's death.[3]

---

[1] 38 U. S. C. § 445, so far as pertinent here, provides: "No suit . . . on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded . . . ."

[2] "No State law providing for presumption of death shall be applicable to claims for National Service Life Insurance. If evidence satisfactory to the Administrator is produced establishing the fact of the continued and unexplained absence of any individual from his home and family for a period of seven years, during which period no evidence of his existence has been received, the death of such individual as of the date of the expiration of such period may, for the purposes of this subchapter, be considered as sufficiently proved."

[3] "Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday . . . . *Provided further,* That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit

The Court of Appeals affirmed the dismissal of the complaint for insufficiency and also held the action barred by limitations.[4] This Court holds the complaint sufficient and the action not barred.

If petitioner can prove that the policy was still in force in 1950, the date when death is presumed under 38 U. S. C. § 810, her suit is clearly timely and she is entitled to recover. I agree with the Court that, liberally read, the complaint states facts which should allow her so to prove.

Assuming, however, that the policy was no longer in force in 1950, I think the suit is barred by limitations, and I must dissent from this aspect of the Court's holding. The insured disappeared in 1943. Petitioner alleges that death occurred in 1943, as indeed she must, since we now assume that the policy expired soon thereafter. But if death occurred in 1943, the cause of action accrued at that time, and is therefore barred after six years; and suit was not brought until 1954. Yet petitioner asks us to hold that for the purposes of the statute of limitations we use the presumption of § 810, that death occurs at the *expiration* of a continued seven-year period of absence, in order to postpone the accrual of a cause of action necessarily founded on a death allegedly occurring at the *beginning* of the seven years. I do not understand how we can accept any such theory. Congress has provided that the suit must be brought within six years after the cause of action accrued, and that the cause accrues on the

---

satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: *And provided further*, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. . . ."

[4] 229 F. 2d 503.

"happening of the contingency on which the claim is founded." [5]  The contingency which here starts the running of the statute is clearly the death of the insured. *United States* v. *Towery,* 306 U. S. 324.  If the insured died in 1943, as the petitioner avers, she should have brought suit within six years thereafter, before 1949. For petitioner is relying on actual death, not the presumed death provided for by Congress in cases of disappearances.  She cannot rely on the latter, for Congress has unequivocally stated that the presumption created by seven years' unexplained absence is that the insured died at the end of that period, and the policy was then, by hypothesis, no longer in effect.[6]

The dilemma petitioner faces is clearly self-inflicted. Congress has provided a fair choice.  If petitioner can prove death in 1943, as she must if the policy expired then, she has six years within which to bring suit to prove it.  If, on the other hand, petitioner has no proof of actual death at all, she must merely keep the policy alive by payment of premiums or application for waiver until the end of seven years, and she then has six more years in which to sue on the basis of presumed death at the end of the seven-year period.

The Court says that "to compute the six-year limitation period from the date which the trier of fact establishes as the date of death would be to say that the beneficiary's right to recover had expired before she could have successfully prosecuted a lawsuit to enforce that right."  I understand neither the logic nor the policy of

---

[5] 38 U. S. C. § 445.

[6] At common law seven years' unexplained absence raised a presumption as to the *fact* of death but none as to the *time* of death. *Davie* v. *Briggs,* 97 U. S. 628, 634.  Congress, however, in 38 U. S. C. § 810, did not adopt the common-law rule enunciated in *Davie* v. *Briggs,* the statute declaring that death is presumed to have occurred at the end of the period of absence.

this argument. Surely in every lawsuit on a life insurance policy the statute of limitations runs from the date of death and yet the date of death is something to be proved in the lawsuit itself. In fact I can think of no litigation in which the statute of limitations does not run from the time the cause of action accrues and the plaintiff need not prove at trial both that there is a cause of action and that it accrued within the period of limitations. Why is it unfair to say to a plaintiff who must prove a 1943 death that she must prove it within six years thereafter? Not only is it unlikely that plaintiff will be in a better position to prove a 1943 death in 1954 than she was in 1949, but the whole essence of the policy behind statutes of limitations runs counter to any such assumption.

It is argued that such a result would be harsh, in that a beneficiary should be left free to prove in the same action *either* actual or presumed death, and that proof of actual death may not turn up until after six years have passed; yet a beneficiary must wait seven before suing on the basis of presumed death.[7] But this is only another way of urging that the statute of limitations be waived every time a plaintiff has difficulty in collecting proof during the period given by the statute. And it has been the consistent opinion of this Court that limitations, particularly against the United States, may not be tolled, without statutory authorization, merely because a plaintiff might not be in a position to carry the burden of proof within the statutory period. *McIver* v. *Ragan,* 2 Wheat. 25; *McMahon* v. *United States,* 342 U. S. 25; *Pillsbury* v.

---

[7] I see no reason why a beneficiary, uncertain as to whether he should rely on actual or presumed death, cannot protect himself by keeping the policy in force and filing his complaint within six years of the insured's disappearance. See Fed. Rules Civ. Proc., 8 (e) (2). I think it untenable to suggest that such a complaint would be demurrable as prematurely brought.

*United Engineering Co.*, 342 U. S. 197; *Unexcelled Chemical Corp.* v. *United States*, 345 U. S. 59.

Important considerations of policy buttress that opinion. Hereafter in every case of disappearance a beneficiary may, without keeping the policy alive, wait thirteen years before suing on the policy, and may allege and prove that death occurred thirteen years theretofore. Surely in the intervening years there will have been loss of evidence due to the death of some witnesses, clouding in the recollection of others, and loss of records. In fact in this very case the Government is now put to the task of meeting numerous allegations with respect to the insured's physical and mental condition, the circumstances of his disappearance, all in 1943, and his likely movements after disappearance. The whole purpose of the statute of limitations, it seems to me, is to save litigants the burdensome effort of having to collect and meet such stale evidence. The Court overrides that policy today in order to give one plaintiff, whose case has human appeal, a chance to recover. Thus is bad law made.