Lilly Buckin MARTINSON and Ray Bendhart Martinson, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 57–44.

United States District Court
D. Minnesota,
Third Division.

May 22, 1958.

Robert A. Wurst, Thief River Falls, Minn., for plaintiffs.

George E. MacKinnon, U. S. Atty., Clifford Janes, Connor F. Schmid, Asst. U. S. Attys., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiffs commenced this action as beneficiaries to recover on a National Service Life Policy, issued to their son, Clarence Walter Martinson, who disappeared while on active duty as a seaman, attached to the U. S. S. Alabama, on May 23, 1946.

There is no dispute that the insured qualified for the insurance in question, which was issued and effective on November 7, 1945, and continued in force through midnight of August 7, 1946.

█ It appears from the evidence that the insured had a good record in the Navy of the United States. Plaintiffs last heard from him when they received a letter dated May 20, 1946, indicating satisfaction and happiness in the service, and promising to send his father a gift of cigars. He also sent plaintiffs a news-paper clipping evidencing pride in the service with which he was connected.

Three days from the date of said letter the insured disappeared. The combined efforts of the Navy, F.B.I. and his family to find him or account for his disappearance were futile and unavailing. His absence is unexplained to date.

The plaintiffs testifying, describe the insured as a youth 18 years of age when in the service of his country and at death. He had a good background in family and home surroundings and was at all times industrious, pleasant and well-behaved. He had an unblemished record, never in trouble with his family or the law. His only two leaves while in the Navy he spent at home with his parents, brothers and sisters.

The Board of Correction of Naval Records, on September 26, 1955, reviewed allegations of injustice and error with reference to his disappearance and arrived at the following decision:

"It is the decision of this Board that the naval record of Clarence Walter Martinson, S2c, USN, 787 37 44, be corrected, by appropriate entries therein to show that he performed no active duty in the naval service after 23 May 1946; that the mark of desertion is removed, since the continuance thereof would be an injustice: that because of his unexplained absence of over seven years, he is presumed to have died: and that his death occurred not as a result of his own misconduct."

The above decision was reviewed and approved by the Secretary of the Navy. This is an official determination of absence "in a status of missing."[1]

██ The quoted certificate is a finding of presumed death under the Federal Missing Persons Act, and is prima facie evidence thereof in Minnesota.[2] Administration was granted in the matter of the death of said Clarence W. Martinson by the Probate Court of Pennington County, Minnesota, on July 15, 1954.

1. 50 U.S.C.A.Appendix, § 1002.

2. 38 Minnesota Statutes Annotated, Secs. 600.24, 600.25, 600.26.

The Court takes cognizance of said probate proceedings but it has no probative effect.[3]

The stipulated quotation above set forth impresses this Court of the sufficiency of "evidence satisfactory to the Administrator * * * of the continued and unexplained absence"[4] of the insured in the instant case. Approved by the executive branch of the government it is presumptively "satisfactory".

If the quotation from the Board for Correction of Naval Records of the United States Navy is not satisfactory within the statute (footnote 4 supra), then it must be held to be based on an arbitrary and unreasonable interpretation, and such arbitrariness in my opinion is not within the intent of Congress in reposing discretionary power in the "Administrator."

If the fact questions of "the insured's frail health and disability" were relevant in the Peak case, infra, surely his good health, promise of life, enjoyment of his chosen vocation in the United States Navy, absence of obvious problems or difficulties, zest of youth and the will to carry on are not indicative of loss of love for life, affection for parents and home or desertion from duty. It is more reasonable, on the basis of the facts, that he died before the expiration of seven years from peril or danger encountered.[5]

The scales of justice here dip by probative weight to death by accident or foul play, and in my opinion the certified decision of the Board for Correction of Naval Records, reviewed and approved by the Secretary of the Navy, as stipulated in the instant case, satisfies the requirement of the Act of Congress that the insured is dead.[6]

Plaintiffs' counsel may submit findings of fact, conclusions of law, order for judgment and form therefor. Judgment shall not be entered until said findings of fact, conclusions of law, order for judgment and form therefor have been filed with the Clerk of Court.

Defendant may have an exception.

3. Mutual Benefit Life Insurance Company v. Tisdale, 1875, 91 U.S. 238, 23 L.Ed. 314.

4. 38 U.S.C.A. § 810.

5. Peak v. United States, 6 Cir., 229 F.2d 503, 504, reversed 353 U.S. 43, 77 S.Ct. 613, 615, 1 L.Ed.2d 631.

6. The defense of the Statute of Limitations has been withdrawn by defendant.