**James GRAVEN and Rose Graven, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 13487.

United States Court of Appeals Sixth Circuit.

Oct. 10, 1958.

Martin A. Rini (of Bulkley, Butler, Rini & Schweid), Cleveland, Ohio, for appellants.

Sumner Canary, U. S. Atty., Cleveland, by William J. O'Neill, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before MARTIN and MILLER, Circuit Judges, and THORNTON, District Judge.

PER CURIAM.

While John Patrick Graven, Jr., was serving in the Armed Forces of the United States, the appellee, United States of America, issued to him National Service Life Policy No. 19 02 5662 in the sum of $10,000, effective July 12, 1945, which named his parents, the appellants herein, as beneficiaries. The insured was honorably discharged from the Service on July 20, 1946. The required premiums were paid through January 11, 1948, but not thereafter. The insured died August 25, 1948. The appellants filed this action to recover on the policy. The complaint alleged that by reason of total and continuous disability of the insured all premiums falling due on and after January 11, 1948, were waived.

The appellee filed an answer which denied some of the allegations of the complaint and thereafter filed a motion for summary judgment, supported by an affidavit supplying certain additional undisputed facts. The District Judge sustained appellee's motion for summary judgment and dismissed the complaint, from which ruling this appeal was taken.

The policy lapsed on February 19, 1948, for nonpayment of premium unless payment of premiums thereafter was waived. The National Service Life Insurance Act of 1940 provides that upon application by the insured, payment of premiums may be waived under certain conditions during the continuous total disability of the insured, and that in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured, may file an application for waiver with evidence of the insured's right to the waiver under the Act. Sec. 802(n), Title 38, U.S.C.A. The insured made no application for waiver of premiums during his lifetime. On December 24, 1948, four months after the death of the insured, the Congress-

man from insured's district wrote the Columbus, Ohio, branch office of the Veterans Administration a letter which, after giving the insured's name and the number of the policy, stated the following, "Gentlemen: The above named veteran's mother has communicated with me concerning nonpayment of her late son's insurance. Please furnish me with a report on the status of this matter at your very earliest opportunity. Very truly yours,". This letter was answered on December 28, 1948, stating that the policy had lapsed and that any evidence of the submission of an application for reinstatement by the insured should be provided. On November 9, 1949, a formal claim for benefits was filed.

It is appellants' contention that the letter from the Congressman constituted a claim for benefits under the policy within the purview of Sec. 445, Title 38, U.S.C.A., made within the one-year period following the death of the insured, which was in effect also an application for waiver of premiums. For the purposes of this case we will treat a claim for benefits as including an application for waiver of premiums. Peak v. United States, 353 U.S. 43, 46, 77 S.Ct. 613, 1 L.Ed.2d 631. The question presented is, was the letter of the Congressman a claim for benefits. Appellants rely upon United States v. Wallace, 10 Cir., 123 F.2d 484; United States v. Meakins, 9 Cir., 96 F.2d 751, and Simmons v. United States, 4 Cir., 110 F.2d 296.

The District Judge was of the opinion that the letter was what it purported to be, namely, a request for a status report and that it did not constitute a claim for benefits or an application for waiver of premiums, citing in support of his ruling Corn v. United States, 10 Cir., 74 F.2d 438; Chavez v. United States, 10 Cir., 74 F.2d 508; United States v. Lockwood, 5 Cir., 81 F.2d 468; and Werner v. United States, 2 Cir., 86 F.2d 113. We agree with the ruling of the District Judge.

The judgment is affirmed.