**UNITED STATES of America ex rel.
Nicholas DiBLASI, Petitioner,**

v.

**Hon. Daniel McMANN, Warden of Clinton
Prison, Dannemora, New York,
Respondent.**

Civ. No. 10437.

United States District Court.
N. D. New York.

Dec. 23, 1964.

Anthony Marra, New York City, for petitioner.

Joshua N. Koplovitz, New York City, of counsel.

Ben Vinar, New York City, of counsel.

JAMES T. FOLEY, Chief Judge.

This petition presents the claim that every judge with any experience in criminal trials might have placed against him. It is that a decision by him on the scene and under trying circumstances that must be made quickly in the interests of the administration of justice is challenged at least by inference with the infallibility of hindsight we always assume as having been intemperately, impatiently or incorrectly made. The petition, drawn by competent counsel, asserts violation of Fourteenth Amendment constitutional right "in that before his trial began and before a jury was selected petitioner requested but was denied the right to conduct his own defense without the aid of counsel. Although petitioner explicitly and emphatically complained to the trial judge that he had no con-

fidence in his assigned counsel and asked that such counsel be discharged, the Court nonetheless insisted that petitioner's defense be conducted by said assigned counsel and refused to permit petitioner to dispense with counsel and conduct his own defense." No position could be more plainly and strongly stated in detail except, in my judgment, failing support by record or reference, these statements are purely conclusory.

Justice Harlan, dissenting in Fay v. Noia, 372 U.S. 391, 469, 83 S.Ct. 822, 9 L.Ed.2d 837, noted that the federal habeas corpus writ may be turning into a roving commission of inquiry, and there is little question in my mind that is what it has become. In this situation, the home made method of inquiry in habeas corpus was adopted which is speedier and less time-consuming. Instead of issuing the statutory order to show cause, by letter I requested Attorney Koplovitz to furnish copies of appellate briefs filed in New York. Photostats of such were furnished and shall be filed with the Clerk of the Court with this decision. Assistant District Attorney Siegel of Kings County, as he has done countless times, furnished the minutes of the trial upon request. Such shall be returned to the office of the District Attorney of Kings County to be kept available for use upon the inevitable appeal.

The petitioner was convicted after trial with a co-defendant in Kings County Court held on January 10, 11, 1963, of burglary third degree and petit larceny, and sentenced to an indeterminate term of 5–10 years on the burglary conviction, with suspension of sentence on the petit larceny conviction. The conviction was affirmed, no opinion. (21 A.D.2d 964). The petition alleges Judge Fuld denied leave to appeal October 27, 1964. The colloquy that points up the problems facing the trial judge, the background of representation by lawyers and the position of the defendants on the day the trial was to commence are in the beginning of the trial minutes. Such discus-

sions and other material statements made later as to representation and dissatisfaction with counsel are contained in full in the Respondent's brief now filed with this decision.

 I am unable to ascertain from the record any direct statement that supports the claim that this petitioner *unequivocally* requested his right to defend himself without the assistance of counsel. The only thing I find is expressed dissatisfaction by DiBlasi, the petitioner, with his lawyer, but this, in my view, was done in an atmosphere that the trial judge interpreted as jockeying and evasion by two defendants to delay trial and disrupt the administration of justice. It is no new stance by defendants and is always a perplexing problem for the Judge. The only request to be his own lawyer was made by the co-defendant, and I do not think the petitioner—assuming the request by the co-defendant was honest and valid under the circumstances —should receive derivative benefit to the extent that the conviction should be voided. It should be kept in mind there is no issue presented here of inadequate representation or insufficient time by the petitioner to consult with the lawyer who conducted his defense. The irony of the situation is a Legal Aid lawyer represented both defendants and apparently did such a good job he was commended by the trial judge. The paradox of our reasoning may bewilder some, because as Anthony Lewis clarifies so well in "Gideon's Trumpet", the main basis for the Gideon ruling was the obvious fact that laymen are weak in the science of the law, and even a trained criminal lawyer will not undertake his own defense. (pgs. 107, 135). I am familiar with the right to defend pro se, but wonder whether it is not akin to allowing a layman to perform his own surgery. At least, all judges try to persuade defendants to accept assignment of counsel for trial. Judge Medina explored the question in depth in United States v. Plattner, 2 Cir., 330 F.2d 271. The difficulties a trial judge faces in situations of this kind

were recognized in United States v. Curtiss, 2 Cir., 330 F.2d 278, 279.

■ In my own judgment, I think we should stop treating with suspicion every misstep, irregularity and deviation that state trial judges, human in the same manner as federal judges, might make under trial pressures in honest effort to prevent disruption by connivance of the administration of justice. Decision of the kind made here by the trial judge cannot be made with the cool detachment of ivory tower appraisal, and in my judgment should not be interfered with unless apparent unfairness or prejudice is clear. Justice Cardozo said the balance must be kept true. (Snyder v. Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 78 L.Ed. 674). Justice Douglas says the Great Writ should be guarded jealously and preserved for substantial miscarriage of justice. (Chessman v. Teets, 354 U.S. 156, 173, 77 S.Ct. 1127, 1 L.Ed. 2d 1253). Justice Douglas also said common sense often makes good law, and unfortunately we seem to avoid its application when we deal with the problems of state prisoners. (Peak v. United States, 353 U.S. 43, 77 S.Ct. 613, 1 L.Ed.2d 631).

■■ I am not persuaded that state action violated fundamental liberties guaranteed by the federal constitution. (Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770). I see no need for evidentiary hearing because the cold record is complete. The scene can never be recaptured, and further explanations seem unnecessary. New York should not be expected to prove in these federal habeas corpus proceedings *beyond a reasonable doubt* that its judges and legal officers did not violate federal constitutional privileges.

The petition is denied and dismissed. The papers shall be filed without the prepayment of fee, and it is

So ordered.