{¶ 25} I concur in the result reached by the majority opinion that, because the Ohio Supreme Court's decision in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, limits Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-262, appellants no longer have any basis for seeking uninsured/underinsured motorist coverage under the Lumbermens Mutual policy. I write separately because, not only was the Scott-Pontzer decision "unworkable," as stated in the majority opinion, but the Scott-Pontzer decision was "wrongly decided" from its inception. Galatis, 2003-Ohio-5849, at ¶ 49.
 {¶ 26} In Scott-Pontzer, the Supreme Court considered the alleged ambiguity of having a corporate named insured also designated an insured as "you" for the purpose of uninsured/underinsured motorist coverage. The Supreme Court rightly rejected one interpretation of the policy that would have excluded employees from coverage since only the corporation was designated as an insured. 85 Ohio St.3d at 664 ("naming the corporation as the insured is meaningless unless the coverage extends to some person or persons"). The court, however, adopted an equally incredible interpretation that provided uninsured/underinsured motorist coverage for all the corporate named insured's employees even when those employees were acting outside the scope of their employment. Galatis,2003-Ohio-5849, at ¶ 33. In doing so, the court violated the tenant of contract interpretation that when one construction would render a contract's provisions extraordinary or unusual and another construction equally consistent with the contract language would render it reasonable, the latter construction must prevail. F.D.I.C. v. PrinceGeorge Corp. (C.A. 4, 1995), 58 F.3d 1041, 1046 (citations omitted).
 {¶ 27} It has been remarked that "common sense often makes good law." Peak v. United States (1957), 353 U.S. 43, 46 (Douglas, J.).Scott-Pontzer was an affront to this sagacious observation and the limiting of Scott-Pontzer removes one impediment to the rule of good law in Ohio.