**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: May 22, 2018
Date Decided: May 23, 2018

Elena C. Norman, Esquire
Richard J. Thomas, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

David E. Ross, Esquire
Benjamin Z. Grossberg, Esquire
Ross Aronstam & Moritz LLP
100 South West Street, Suite 400
Wilmington, DE 19801

Re: *Motors Liquidation Company Avoidance Action Trust v.*
*Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v.*
*SSS Funding II, LLC*
   C.A. No. 12248-VCS

Dear Counsel:

This letter opinion addresses a motion to further stay discovery and a motion to stay discovery in two closely-related Delaware actions in order to await the outcome of a bankruptcy adversary proceeding pending in the United State Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The parties to the adversary proceeding are in the midst of mediation. For the reasons stated below, I grant the motion to further stay discovery and the motion to

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 2

stay discovery for at least as long as mediation is ongoing in the Bankruptcy Court action.

## I. FACTUAL BACKGROUND

Pursuant to a term loan agreement dated as of November 29, 2006, General Motors Corporation ("GM") and its subsidiary Saturn Corporation obtained a syndicated secured term loan (the "Term Loan"), as amended by a first amendment dated March 4, 2009 (the "Term Loan Agreement").[1]  Under the Term Loan Agreement, certain lenders (the "Term Loan Lenders"), including Oaktree Loan Fund, L.P. ("Oaktree"), a Delaware limited partnership and Defendant in C.A. No. 12191-VCS (the "Oaktree Action"), and SSS Funding II, LLC ("SSS Funding"), a Delaware limited liability company and Defendant in C.A. No. 12248-VCS (the "SSS Funding Action"), provided approximately $1.5 billion in funds to GM secured by first-priority liens on certain assets of GM.[2]

---

[1] Verified Am. Compl. (the "Oaktree Am. Compl.") ¶ 3; Verified Am. Compl. (the "SSS Funding Am. Compl.") ¶ 3.

[2] Oaktree Am. Compl. ¶ 4; SSS Funding Am. Compl. ¶ 4.

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 3

On June 1, 2009 (the "Petition Date"), GM and certain of its subsidiaries filed voluntary Chapter 11 petitions in Bankruptcy Court.[3]  GM paid contingent transfers totaling $49.5 million and $3.1 million to Oaktree and SSS Funding, respectively, during the ninety days prior to the Petition Date and after the Petition Date.  GM, Oaktree and SSS Funding justified these payments on the ground that the main lien securing the Term Loan was perfected as of the Petition Date and, therefore, the entirety of the Term Loan constituted senior secured debt.[4]

Plaintiff, Motors Liquidation Company Avoidance Action Trust (the "Trust"), by and through Wilmington Trust company, solely in its capacity as the trust administrator and trustee, is a Delaware corporation that was established for the purpose of pursuing claims on behalf of unsecured creditors of GM.[5]  On July 31, 2009, the Trust filed an adversary proceeding against Oaktree, SSS Funding and hundreds of other Term Loan Lenders in the GM Chapter 11 proceedings in which

---

[3] Oaktree Am. Compl. ¶¶ 2, 5; SSS Funding Am. Compl. ¶¶ 2, 5.

[4] Oaktree Am. Compl. ¶¶ 6, 31; SSS Funding Am. Compl. ¶¶ 6, 31.

[5] Oaktree Am. Compl. ¶¶ 1, 18; SSS Funding Am. Compl. ¶¶ 1, 18.

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 4

it seeks, *inter alia*, to set aside certain contingent transfers (the "Adversary Proceeding").[6]

Oaktree filed its certificate of cancellation on December 31, 2012.[7] SSS Funding filed its certificate of cancellation on April 24, 2012.[8] Plaintiff brings these Delaware actions to nullify the Defendants' certificates of cancellation and to appoint an independent receiver for each Defendant so that Oaktree and SSS Funding can defend the Adversary Proceeding.[9] Because Oaktree and SSS Funding have been cancelled, Oaktree Loan Fund GP, L.P. serves as Oaktree's Trustee (the "Oaktree Trustee") and Sankaty Special Situations I, L.P. serves as SSS Funding's Receiver (the "SSS Funding Receiver") in the actions pending before this Court.[10]

---

[6] Oaktree Am. Compl. ¶ 2; SSS Funding Am. Compl. ¶ 2.

[7] Oaktree Am. Compl. ¶ 1.

[8] SSS Funding Am. Compl. ¶ 1.

[9] Oaktree Am. Compl. ¶¶ 1–2; SSS Funding Am. Compl. ¶¶ 1–2.

[10] Oaktree Am. Compl. ¶ 1; SSS Funding Am. Compl. ¶ 1.

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 5

On April 18, 2017, the Court granted Oaktree Trustee's motion for a stay of discovery in the Oaktree Action until June 2017 while an expedited bellwether trial was pending in connection with the Adversary Proceeding.[11]  The Bankruptcy Court held trial in spring 2017 and issued its post-trial decision on September 26, 2017 (the "Bankruptcy Court Opinion").[12]  The Trust moved to take an interlocutory appeal from the Bankruptcy Court Opinion; the Term Loan Lenders opposed the Trust's motion and conditionally cross-moved to appeal.[13]  These motions are pending.[14]

After the stay expired in June 2017 in the Oaktree Action, written discovery proceeded.[15]  The Oaktree Trustee collected and reviewed nearly 80,000 documents, requiring over 1,600 hours of attorney review time and costing the Oaktree Trustee

---

[11] Oaktree Action, Dkt. 36 at 30–35.

[12] Def.'s Mot. to Further Stay Discovery ("Oaktree Opening Br.") ¶ 3;  Def.'s Mot. to Stay Discovery ("SSS Funding Opening Br.") ¶ 3.

[13] Oaktree Opening Br. ¶ 7; SSS Funding Opening Br. ¶ 7.

[14] Oaktree Opening Br. ¶ 7; SSS Funding Opening Br. ¶ 7.

[15] Oaktree Opening Br. ¶ 11.

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 6

over $95,000 in expenses.[16]  According to the Oaktree Trustee, over $650,000 in attorneys' fees have already been incurred litigating the Oaktree Action.[17] In contrast, document production has not commenced in the SSS Funding Action.[18] The SSS Funding Receiver estimates, however, that it could be faced with over $100,000 of discovery expenses, not including attorneys' fees, if discovery is ordered to proceed in the SSS Funding Action.[19]   This is in addition to the more than $135,000 that has already been spent in defense of the SSS Funding Action.[20]

The parties in the Adversary Proceeding have undertaken mediation efforts, with mediation sessions occurring on December 12 and 13, 2017, February 14, 2018,

---

[16] Oaktree Opening Br. ¶ 12.

[17] *Id.*

[18] SSS Funding Opening Br. ¶ 12.

[19] SSS Funding Opening Br. ¶ 25.

[20] *Id.*

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 7

and April 19, 2018.[21]  A further mediation session is scheduled for June 19, 2018.[22] Counsel for the Oaktree Trustee and SSS Funding Receiver has been participating in the global mediation.[23]

At issue now are motions to stay discovery brought by the Oaktree Trustee and SSS Funding Receiver: Oaktree's motion to further stay discovery and SSS Funding's first motion to stay discovery.  The Defendants seek a stay of discovery until a final judgment is issued in the Adversary Proceeding or, at a minimum, until a scheduling order has been entered in that action following mediation.

---

[21] Oaktree Opening Br. ¶ 8; SSS Funding Opening Br. ¶ 8; Oaktree Action, Dkt. 61, Ex. 2 at 2–3; SSS Funding Action, Dkt. 39, Ex. 2 at 2–3.

[22] Oaktree Action, Dkt. 61, Ex. 2 at 3; SSS Funding Action, Dkt. 39, Ex. 2 at 3.

[23] Oaktree Opening Br. ¶ 8; SSS Funding Opening Br. ¶ 8.  The Trust questions the extent to which the Defendants here have been participating in the mediation.  Counsel for Defendants has represented to the Court that the Defendants are, in fact, participating in mediation with authority to settle should they receive an acceptable settlement demand.  I have no reason to question that representation.

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
  C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
  C.A. No. 12248-VCS
May 23, 2018
Page 8

## II. LEGAL ANALYSIS

Under Court of Chancery Rule 26(c), this Court "may, in its discretion, grant a stay of discovery to protect a party from undue burden and expense."[24]  While the parties agree that Rule 26 is a source of the Court's authority to stay discovery in a particular case, they disagree as to the standards that should guide the Court's exercise of discretion in making that determination.  Defendants maintain, "[a] party seeking a stay of discovery need only 'show that it has practical reasons for staying discovery.'"[25]  According to Defendants, "those reasons need not rise to a level of unusual or difficult circumstances."[26]  Plaintiff, on the other hand, asserts, "when the stay is premised on the outcome of a separate proceeding in a separate forum involving separate parties and issues, Delaware courts emphasize that such stays are

---

[24] *TravelCenters of Am. LLC v. Brog*, 2008 WL 5101619, at *1 (Del. Ch. Nov. 21, 2008).

[25] Oaktree Opening Br. ¶ 17 (quoting *In re KKR Fin. Hldgs. LLC S'holder Litig.*, 2014 WL 2090527, at *1 (Del. Ch. May 19, 2014); *Skubik v. New Castle Cty.*, 1998 WL 118199, at *2 (Del. Ch. Mar. 5, 1998)); SSS Funding Opening Br. ¶ 16 (quoting same).

[26] Oaktree Opening Br. ¶ 17 (quoting *In re KKR*, 2014 WL 2090527, at *1; *Skubik*, 1998 WL 118199, at *2); SSS Funding Opening Br. ¶ 16 (quoting same).

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 9

disfavored and should be granted 'sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of delay to his opponent.'"[27]   According to Plaintiff, this standard imposes a "higher burden" upon the party seeking a stay when the basis for the requested stay is that the outcome of a proceeding outside of Delaware may narrow or alleviate altogether the need for discovery in the Delaware action.[28]

Having considered the question, I am not convinced that different standards should apply to the Court's determination of whether to stay discovery depending upon whether *vel non* the requested stay "is premised on the outcome of a separate proceeding in a separate forum involving separate parties and issues."[29] The decision of whether to stay discovery is quintessentially a discretionary call.

---

[27] Pl.'s Opp'n to Def.'s Mot. to Further Stay Discovery ("Pl.'s Oaktree Answering Br.") 10–11 (quoting *Spiro v. Vions Tech. Inc.*, 2014 WL 1245032, at *11 (Del. Ch. Mar. 24, 2014)); Pl.'s Opp'n to Def.'s Mot. to Stay Discovery ("Pl.'s SSS Funding Answering Br.") 9–10 (quoting same).

[28] Pl.'s Oaktree Answering Br. 10–11 (citing *Gen. Dynamics Corp. v. United Techs. Corp.*, 1991 WL 215662, at *2–3 (Del. Super. Aug. 28, 1991) (denying stay of litigation because higher burden not met)); Pl.'s SSS Funding Answering Br. 9–10 (citing same).

[29] Pl.'s Oaktree Answering Br. 9; Pl.'s SSS Funding Answering Br. 10.

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 10

In making that call, the judge should employ the full range of her common sense when applying the criteria identified in Rule 26(c), which allows the Court to stay discovery in order to protect against "annoyance, embarrassment, oppression, or undue burden or expense."[30] The exercise of that discretion should not be tethered to or confounded by higher or lower burdens that fluctuate depending upon the procedural or factual context in which the stay is requested.

To be sure, if a party seeks a stay of discovery in Delaware litigation to accommodate the progress of a proceeding outside of Delaware, or to await results of a proceeding outside of Delaware that may affect the Delaware proceedings, the Court should take that dynamic into account along with any other factors that might inform its decision on the motion.[31] In doing so, the Delaware court may well determine that the difficulty in assessing the likely outcome or timing of a final

---

[30] Ct. Ch. R. 26(c). *See also Peak v. United S*tates, 353 U.S. 43, 46 (1957) (Douglas, J.) (observing that "common sense often makes good law").

[31] *See Szeto v. Schiffer*, 1993 WL 513229, at *2 (Del. Ch. Nov. 24, 1993) (considering the length of the requested stay); *Bonham v. HBW Hldgs., Inc.*, 2005 WL 2335464, at *1 (Del. Ch. Sept. 20, 2005) (considering whether potentially dispositive motion is pending); *In re KKR*, 2014 WL 2090527, at *1 ("A party seeking a stay of discovery need only show that it has practical reasons for staying discovery.") (internal quotations omitted).

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
  C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
  C.A. No. 12248-VCS
May 23, 2018
Page 11

resolution of litigation occurring outside of Delaware—both of which are factors beyond the Delaware court's control—may justify a denial of the requested stay. But that outcome should not be driven by some "higher burden" that the movant has failed to carry. Instead, it should be the product of the Court's discretionary consideration of all relevant factors enlightened by common sense.

Here, it appears that the Adversary Proceeding pending in the Bankruptcy Court is a far ways off from a final judgment. Given the complexities surrounding that action, I am not inclined to make an assessment of what a final judgment there might look like when it is entered.[32] Nor am I inclined carelessly to estimate when that outcome will occur. Given the potential for substantial delay, I am concerned that the requested stay of discovery pending the outcome of the Adversary Proceeding will be tantamount to an indefinite stay of the entire case.[33] Defendants

---

[32] Even if I had a stronger sense of how the Adversary Proceeding will turn out, I would decline to hazard that guess on a motion to stay discovery out of respect and deference to the courts and process in New York. Any such conjecture, at best, would serve to complicate the proceedings in New York.

[33] It is useful to note the difference—most typically, when this Court stays discovery, it does so while some other case activity (*e.g.*, dispositive motion practice) is underway. Here, in the absence of pre-discovery motion practice, discovery is the next step to advance

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
  C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
  C.A. No. 12248-VCS
May 23, 2018
Page 12

have failed to provide a "practical reason" why such a potentially lengthy stay of Plaintiff's otherwise extant right to conduct proper discovery is justified here.[34]

As noted, the parties report that they are engaged in ongoing mediation. Unlike active litigation, the parties themselves control the conduct and outcome of mediation. A stay of discovery tied to the progress of mediation of a case pending outside of Delaware, therefore, is not indefinite. So structured, the stay lasts only as long as the parties to the mediation believe that the mediation is productive. In my view, it will further the goals of "efficiency" and the avoidance of undue burden and expense to stay discovery in these Delaware actions while mediation of the Adversary Proceeding is ongoing.[35] I would prefer that the parties dedicate their

---

these cases. With discovery stayed, the cases are stayed. While it is certainly not unprecedented for this court to stay discovery in a context that practically stays the entire litigation, the fact the litigation will not progress during the discovery stay is yet another factor the Court may consider in the exercise of its discretion.

[34] *Corp. Prop. v. AmerSig Graphics, Inc.*, 1993 WL 534986, at *1 (Del. Ch. Dec. 9, 1993) (holding that "the burden is on one who seeks to delay discovery to establish some practical reason why discovery should be stayed").

[35] *In re McCrory Parent Corp.*, 1991 WL 137145, at *1 (Del. Ch. July 3, 1991) (holding that when considering a motion to stay discovery, "the court must make a particularized judgment evaluating the weight that efficiency should be afforded (including the extent of

*Motors Liquidation Company Avoidance Action Trust v. Oaktree Loan Fund, L.P.*
   C.A. No. 12191-VCS
*Motors Liquidation Company Avoidance Action Trust v. SSS Funding II, LLC*
   C.A. No. 12248-VCS
May 23, 2018
Page 13

time and material resources to reaching a global resolution of all disputes, in Delaware and elsewhere, rather than undertaking the considerable effort and expense of discovery here in Delaware while substantive settlement discussions are underway.

### III.  CONCLUSION

Based on the foregoing, Oaktree's Motion to Further Stay Discovery and SSS Funding's Motion to Stay Discovery are **GRANTED**.  Any party may seek relief from the stay following the conclusion of mediation relating to the Adversary Proceeding.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

the costs that might be avoided) and the significance of any risk of injury to plaintiff that might eventuate from a stay").